No. 20,852.

ELMER BROWN, *Appellee*, v. J. WALKER et al., *Appellees* (J. SHANNON NAVE and T. REID ZEIGLER, *Appellants*).

OPINION DENYING A REHEARING.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion denying a rehearing filed July 7, 1917. (For original opinion of affirmance see 100 Kan. 542.)

*C. V. Ferguson,* of Wichita, for the appellants.

*A. V. Roberts, J. N. Haymaker, W. D. Jochems, Roy Elder, E. V. Long,* and *L. R. Fulton,* all of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: In a petition for a rehearing the plaintiff complains because recovery was allowed for certain material which went into the basement of the building, and cites testimony showing that material for which recovery was allowed did go into the basement of the building.

In the brief for the lien claimants the statement was made that all the liens claimed were for material which became a part of the building and could not be removed and constituted a permanent improvement to the property. The statement was not denied by any reply brief. At the oral argument counsel for the property owners was interrogated concerning the correctness of the statement and did not categorically deny its truth, and failed to point out any items of material for which liens were claimed which were removable or did not constitute a permanent improvement of the property. Counsel does not point out any such items in the petition for a rehearing.

The classification made in the opinion of this court was intended to be representative of the two classes of claims. The lease gave authority to place bathtubs on the second floor. They were removable as personal property of the tenant, the same as the bathtubs in the basement. The lease, however, gave authority to make general changes, improvements, and

betterments, all of which went into the building itself, and not into removable articles of personal property. Material for these improvements constituted lienable items, whether the improvements were in the basement or elsewhere.

Nothing else in the petition for a rehearing requires comment, and it is denied.