No. 22,568.

THE HARDMAN LUMBER COMPANY, *Appellant,* v. FRANK BLANCH (W. F. CONNER et al., *Appellees*).

SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*Statement for Lien—Husband and Wife.* Where a husband or wife contracts for improvements on the property of the other and a mechanic's lien is filed, it is not necessary that the lien statement shall recite that the contract was made with the husband or wife of the owner.

2. SAME—*Amendment of Lien Statement Pending Foreclosure.* On the trial of an action to foreclose a mechanic's lien the lien statement may be amended so as to correctly describe the property affected thereby and to correctly state the name of the owner thereof.

3. SAME—*Lien May Cover Adjacent Lots on Opposite Sides of An Alley,
When.* A single mechanic's lien may cover adjacent lots on opposite
sides of an alley if all the lots on both sides of the alley are used as
one property; but if the improvements made are all on one side of the
alley, and the property on each side of the alley is used as a separate
property, the lien will attach only to that property on which the im-
provements are made.

Appeal from Graham district court; CHARLES I. SPARKS,
judge. Opinion filed October 9, 1920. Reversed.

*David Ritchie,* of Salina, and *F. D. Turck,* of Beaver, Ore.,
for the appellant.

*W. L. Sayers,* of Hill City, and *T. E. Stewart,* of Goodland,
for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to fore-
close a mechanic's lien. Judgment was rendered in favor of
the defendants W. F. Conner and Emma S. Conner on an ob-
jection to the introduction of evidence under the amended pe-
tition of the plaintiff, and it appeals.

For building material sold to a subcontractor to be used in
erecting, altering, and repairing a dwelling house on lots 16,
17, 18, 19, 20, 22, 24, in block 2 of Sanford and Crawford's
addition to Hill City, the plaintiff claimed a mechanic's lien on
all that property and filed a lien statement on all of it except
lot 20. The lien statement named W. F. Conner as owner of
the property, and contained all the information required by
section 7558 of the General Statutes of 1915. The petition con-
tained all that was necessary to a foreclosure of the lien, and
contained other allegations, as follows:

"Plaintiff further shows that in the said statement so filed as aforesaid
the name of the owner of said lands and lots was stated as W. F. Conner,
that the statement of such person as the owner was an error as to lots
16, 18, 20, 22 and 24 of said block two, the legal title to said last named
lots, being in the name of Emma S. Conner the wife of W. F. Conner and
the legal title to lots 17 and 19 being in the name of W. F. Conner, de-
fendant herein and the husband of Emma S. Conner. That lots 16, 18,
20, 22 and 24 in Block 2 of Sanfords and Crawfords Addition to Hill City,
Kansas, are adjacent tracts and constitute one compact tract of land;
that lot 20 of said tract was by error omitted from the statement for a
lien filed in the office of the clerk of the District Court of Graham County,

Kansas; that the building and the improvement herein set out and for which materials were furnished by plaintiff was upon all of said tracts or lots of land."

An amendment to the petition alleged:

"That at the time of the execution of the said written contract the legal title to lots 16, 18, 20, 22, and 24 in Block Two in Sanfords and Crawfords Addition to the town, now City of Hill City, Kansas, was in the name of Emma Conner, and the title to lots seventeen and nineteen of said block was in the name of W. F. Conner, but at that time the said W. F. Conner and Emma S. Conner were husband and wife and the said W. F. Conner then was and now is and at all times herein mentioned has been the duly authorized agent and the husband of the said Emma S. Conner, and duly authorized as such agent to transact all business herein mentioned. That the said two lots 17 and 19 were inclosed with the said lots 16, 18, 20, 22 and 24 hereinbefore described and all of said lots are subject to and liable for the payment of the claim and account of the plaintiff as in its petition described and set out."

The petition asked for an amendment of the lien statement so as to correct the mistakes therein, and asked for a foreclosure of the lien. It is inferentially but not clearly stated in the abstract that before any evidence was introduced W. F. Conner and Emma S. Conner each objected to the introduction of any evidence under the petition for the reason that it did not state facts sufficient to constitute a cause of action against either of them, and the ruling on that objection was reversed. After some evidence had been introduced, those objections were sustained, and the action was dismissed as to W. F. Conner and Emma S. Conner.

1. The principal question presented by the appeal is, Did the petition as amended state facts sufficient to constitute a cause of action against W. F. Conner and Emma S. Conner? One argument made by the appellees against the petition is that the lien statement did not allege that W. F. Conner and Emma S. Conner were husband and wife. The statement did not contain such an allegation, but the statute does not require that the statement shall contain it. The statute requires "a statement setting forth the amount claimed and the items thereof, as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property subject to the lien." (Gen. Stat. 1915, § 7558.) The statement contained all that the statute required. It was not

necessary for the lien statement to recite that W. F. Conner and Emma S. Conner were husband and wife.

The petition alleged that W. F. Conner and Emma S. Conner were husband and wife. Section 7557 of the General Statutes of 1915 provided that "any person who shall under contract with the owner of any tract or piece of land, or with a trustee, agent, husband or wife of such owner, perform labor or furnish material for the erection, alteration or repair of any building, . . . shall have a lien upon the whole of said piece or tract of land." All that was necessary was that the petition allege the relation that existed between W. F. Conner and Emma S. Conner.

2. It is argued by the appellees that the plaintiff did not request an amendment of the lien statement. In answer to this argument it must be said that the petition set out the errors in the lien statement and asked that they be corrected. On the objection to the introduction of evidence the court must have examined the petition or in some way must have been informed concerning its allegations and must have known that it contained a request for an amendment of the lien statement. The statute provides that "in case of action brought, any lien statement may be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to the amount claimed." (Civ. Code, § 653, Gen. Stat. 1915, § 7561.) In furtherance of justice the lien statement should have been amended so as to correctly set out the name of the owner of the property. There was, however, a mistake in the description of the property, but it was so described that no one could be misled thereby. Without an amendment of the lien statement, the petition as first filed stated a cause of action against W. F. Conner and Emma S. Conner, but that cause of action might have been ineffectual because of the errors in the lien statement. That could not be ascertained until after the introduction of evidence, or after admissions made in the trial statement which would have taken the place of evidence. With an amendment of the statement in the manner requested by the petition as first filed, and by the amendments thereto as afterward filed, a cause of action was stated which, if judgment had been rendered thereon, could have been enforced against all the property.

3. It is claimed that lots 16, 18, 20, 22, and 24 are on one side of an alley; that lots 17 and 19 are across the alley from those first named; and that therefore all the property cannot be subjected to the lien. If the entire property was used by the Conners as one property, although the alley ran through it, the lien would properly attach to the whole of the property. If the two tracts were used as separate properties, and the improvements made were all on one of them, the lien would attach only to that property on which the improvements were made. While not directly in point the following authorities support these rules:

(*Mulvane v. Lumber Co.*, 56 Kan. 675, 44 Pac. 613; *Lumber Co. v. Smith*, 84 Kan. 190, 114 Pac. 372; *Lehmer v. Horton*, 67 Neb. 574; 27 Cyc. 224-225; 18 R. C. L., 947-952.)

It was error to sustain the objection to the introduction of evidence, and for that error the judgment is reversed. The cause is remanded for trial with directions to permit the amendment of the lien statement if the evidence should warrant such amendment.

PORTER, J., dissents from the third paragraph of the syllabus and the corresponding portion of the opinion.