No. 23,494.

THE CONTINENTAL SUPPLY COMPANY, *Appellee,* v. BANKERS OIL COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. ACTION ON EXPRESS CONTRACT—*Recovery on Implied Contract.* A judgment based on an allegation of an express contract will not be reversed where the evidence shows that the contract was implied and the party liable has not been misled.

2. MECHANICS' LIEN—*Allegations of Petition—No Substantial Variance Between Pleading and Proof.* A petition for the foreclosure of a mechanics' lien alleged that the lien had been filed in the office of the clerk of the county. The evidence showed that the lien had been filed in the office of the clerk of the district court of that county. *Held,* that there was no substantial variance between the pleading and the evidence.

3. SAME—*Lien Statement Properly Amended.* A mechanics' lien statement which recites that the plaintiff claims a lien in accordance with the laws of Oklahoma may be amended by changing the word Oklahoma to Kansas.

4. SAME—*Material Sold for Use on Property Described in Lien Statement.* There was evidence which tended to prove that the material for which the lien statement was filed had been sold by the plaintiff to the defendant for use on the property described.

5. SAME—*Lien Statement Filed in Time.* The evidence tended to show that the mechanics' lien statement was filed on June 8, 1920, and that the last item of material was sold on February 11, 1920. *Held,* that the lien statement was filed in time.

6. SAME—*Materials Received and Used on the Lease—Lien Valid.* Materials that were used on a gas and oil lease described in a lien statement were ordered by the president of the corporation owning the lease, or by the wife of the president, or by his son. The materials were received and were used on the lease. *Held,* that the defendant cannot escape liability there-

for, although it was not shown that the president of the corporation, or his wife, or son, had authority from the corporation to purchase the materials.

Appeal from Franklin district court; HUGH MEANS, judge. Opinion filed February 11, 1922. Affirmed.

*W. B. Pleasant,* of Ottawa, for the appellant.

*J. L. Shelden,* of Ottawa, *H. W. Randolph, John A. Haver, Randolph Shirk,* and *H. M. Gray,* all of Tulsa, Okla., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover $1,065.94 and interest for goods sold and delivered, for $475.15 of which the plaintiff had filed a mechanics' lien on an oil and gas mining lease on certain real property in Franklin county. Judgment was rendered in favor of the plaintiff for $1,111.81, decreeing that the plaintiff had a mechanics' lien on the real property to secure the payment of $496.53 of that sum and ordered the gas and mining lease and all the material, machinery, equipment and oil well supplies located thereon to be sold for the payment of $496.53. The defendant appeals from the judgment for $1,111.81 and appeals from the judgment decreeing a mechanics' lien for $496.53.

The questions argued all arise out of the judgment decreeing the foreclosure of the mechanics' lien.

1. The petition alleged that the materials for which the mechanics' lien was claimed were sold to the defendant under a contract for use "in constructing a refining plant, pipe lines, buildings and other improvements, and in drilling, equipping and operating wells for gas" on certain land in Franklin county. The court found that the "supplies mentioned in plaintiff's petition . . . were furnished by plaintiff to defendant under an implied contract . . . and were not furnished under any express contract." The defendant argues that, under the allegations of the petition, the plaintiff was compelled to prove an express contract and cannot recover under an implied one. That would be a very narrow construction of the pleading. The evidence tended to show that the materials were sold with the understanding that they would be used on the lease. If they were sold under an implied contract and not under an express one, the plaintiff's petition could have been amended so as to allege that fact. The defendant did not show that he was misled by the variance, if there was any, between the pleading and the evidence. It is not apparent how he could have

been misled thereby. Section 134 of the code of civil procedure controls, and reads as follows:

"No variance between the allegations, in a pleading, and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

If there was any error, it was not prejudicial and was not sufficient to justify a reversal of the judgment.

2. The defendant argues that there was no allegation that the mechanics' lien had been properly filed. The petition alleged that the lien had been "filed in the office of the clerk of Franklin County, Kansas, on the 8th day of June, 1920." The evidence showed that the lien had been filed in the office of the clerk of the district court of Franklin county on that day. Permission to amend the petition would have been properly given if such permission had been asked; none was asked, and even if it were error to allow the plaintiff to prove that the lien had been filed in the office of the clerk of the district court under the allegation contained in the petition, that error was wholly nonprejudicial. (Civ. Code, § 134.)

3. On the trial, permission was given to amend the mechanics' lien statement. That statement recited "that it [the plaintiff] claims a lien upon all the material . . . all in accordance with the laws of the state of Oklahoma." Permission was granted to amend the statement by changing the word Oklahoma to Kansas. Of that, the defendant complains. Section 653 of the code of civil procedure in part reads:

"Any lien provided for by this act may be enforced by civil action . . . and in case of action brought, any lien statement may be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to the amount claimed."

It would have been an abuse of discretion not to permit the amendment to be made.

4. Another proposition argued is that the "plaintiff's case was not proven." The defendant contends that there was not evidence sufficient to establish a mechanics' lien. The evidence tended to show that the defendant was operating an oil well on the lease; that the plaintiff sold materials to the defendant to be used by it on the lease; and that the materials were used thereon. That was all

that was necessary to prove so far as the proposition now argued was concerned.

5. The defendant argues that the lien statement was not filed in time. It was filed on June 8, 1920. The evidence tended to show that the last item sold to be used on the property was sold on February 11, 1920. The law provides that the lien statement shall be filed within four months after the date upon which material was last furnished. (Civ. Code, § 650.) Mechanics' liens on oil and gas leases are obtained in the same manner and substantially for the same reasons as mechanics' liens on real property. (Gen. Stat. 1915, §§ 4996-4998.) The lien statement was filed in time.

6. The last proposition argued is that the acts of the officers of the defendant did not bind it. The material sold by the plaintiff to the defendant was ordered by the defendant's president or his wife or son. There was no allegation of the authority of either of these parties to bind the defendant and there was no evidence on that subject. It was shown that W. E. Walker was the president of the defendant company; that he, or his wife or son, ordered the materials for use on the oil and gas lease; that the material was furnished; and that it was used on the property. The defendant had knowledge of its use, must have had knowledge of the manner in which it was purchased, and was liable therefor.

The judgment is affirmed.