No. 29,649.

A. C. Cooke and G. G. Little, Partners doing business under the Firm Name of Cooke & Little Coal & Cement Company, *Appellees*, v. Ed W. Luscombe, Church of the Blessed Sacrament, John T. Ward, Thomas F. Lillis, The Continental Casualty Company and Fraternal Aid Union, *Appellants*.

(294 Pac. 849.)

Opinion filed January 10, 1931.

*H. S. Roberts*, of Kansas City, and *E. V. Mitchell*, of Chicago, Ill., for the appellants; *Joseph A. Lynch*, of Kansas City, of counsel.

*James F. Getty*, of Kansas City, for the appellees.

The opinion of the court was delivered by

Smith, J.: This is a case wherein a materialman brought suit against the principal and surety on a bond, together with certain other interested parties, for materials furnished a contractor for

use in building a church. The surety company and the contractor demurred to the petition of plaintiff, which demurrer was overruled. The appeal is from the order overruling that demurrer.

The facts briefly stated are as follows: The suit is brought by the plaintiffs, partners, against Ed W. Luscombe, the Church of the Blessed Sacrament, John T. Ward, the Continental Casualty Company and the Fraternal Aid Union. The petition is in two causes of action. The first alleges that in February, 1926, the church, through its agent, entered into a contract with the defendant Ed Luscombe. A copy of the contract was attached to the petition, together with a copy of the bond executed by defendants Luscombe and the Continental Casualty Company. The petition then alleges that defendant Luscombe entered upon the performance of the contract and purchased from plaintiff certain materials used in the church worth $777.05, but did not pay for same, and prays judgment against Ed W. Luscombe and the Continental Casualty Company for that amount.

For the second cause of action plaintiffs allege that in order to avail themselves of the benefits of the mechanics' lien law they filed in the office of the clerk of the district court of Wyandotte county a statement setting forth the amount claimed as a lien upon the church real estate by reason of the plaintiffs having furnished the various materials, the names of the owners of the real estate, the name of the contractor, the names of the claimants and the description of such real estate.

The petition prays for judgment against the defendants, Ed Luscombe and the Continental Casualty Company, for the sum of $777.05, and further prays that the land be sold and the proceeds applied: first, to the payment of costs of the suit and sale; second, upon any delinquent taxes; and third, upon the satisfaction of the judgment.

Defendants, Continental Casualty Company and Ed W. Luscombe, demurred to this petition upon the following grounds:

1. That the bond was merely one of indemnity to the church and no one else.

2. That there is no privity of contract between plaintiffs and the Continental Casualty Company.

3. That the petition fails to allege that plaintiffs' material entered into, became a part of and remained with the completed work.

4. That no proper lien statement was filed.

5. That there is a misjoinder of causes and parties.

As to the third ground, the petition of plaintiffs states that "the goods, wares and merchandise were all purchased by the said Ed W. Luscombe for and were by him used in said church." We think the above language in the petition is sufficient allegation to meet the rule that the petition must state that the materials for which the lien is claimed, have entered into and become a part of and remain with the completed work.

As to the fourth ground upon which it was urged that the demurrer should be sustained—that is, that there was no proper lien statement filed—the petition states that at the time the lien statement was filed the record title to the real estate in question was in Thomas A. Lillis, who had been bishop of the diocese. That it was later discovered that the title was really in John T. Ward, who had succeeded Bishop Lillis. It further appears that the notice of the filing of this lien was served upon John T. Ward, record title holder, and E. T. Dekat, the pastor of the church in question, and the agent of said church and representative of the owners of said real estate. It will be noted that one of the prayers of the petition was that the lien statement should be amended by inserting the name of John T. Ward in place of Thomas A. Lillis as the owner of the real estate.

With these allegations in the petition we think it was proper under the authority of R. S. 60-1405 and *Lumber Company v. Blanch*, 107 Kan. 459, 192 Pac. 742, for the court to permit the amendment prayed for in the petition, and that when so amended the statement created a valid lien.

As to the ground that there is a misjoinder of parties and causes, it will be noted that the suit is against the contractor, the surety company, the church which had entered into the contract with Luscombe, the record title holder of the land, and the company to whom the church had given a mortgage on the land, and that the prayer of the petition is for judgment against Luscombe and the surety company in the first cause of action, and to foreclose a materialman's lien in the second cause of action. It will thus be seen that all the parties in interest are brought before the court and any question that exists between the parties growing out of this transaction may be determined and any final judgment that may be entered will be binding on all parties. There is no inconsistency in the two causes contained in the petition. As to the misjoinder of parties defendant, that is not a ground for demurrer under R. S. 60-705.

The three grounds for urging the demurrer above referred to are

the only ones argued in favor of sustaining the demurrer on behalf of defendant Luscombe, and are all untenable and we conclude that the demurrer as to said defendant was properly overruled.

The grounds one and two above are urged on behalf of the surety company and must be decided from the language of the contract and bond. We think that from an examination of these documents in view of the decision of this court it cannot be said that this is merely a contract of indemnity, or that there was want of privity of contract between the materialman and the surety company which would prevent the materialman from bringing suit on the bond.

The bond specifically provides:

"The conditions of this obligation are such that, Whereas, the said E. W. Luscombe has entered into a contract with said Blessed Sacrament Church, which is hereto attached, referred to and made a part hereof."

The contract recites:

"Witnesseth, that party of the second part, for and in consideration of the performance of the covenants and agreements hereinafter contained by the party of the first part, does hereby covenant and agree to and with the party of the first part that the party of the second part will furnish all labor and materials necessary for the plastering of a church now under construction as shown by the plans."

Again:

"Article VII. It is hereby further agreed by the parties hereto that the compensation to be paid by the party of the first part to the party of the second part for all the work and materials as shown by the plans and specifications and this contract shall be ten thousand six hundred and four dollars ($10,604) and that sum shall be paid as follows: Ninety (90) per cent of the labor and materials as furnished on the job will be paid on or about the 15th day of each month, and the balance when the work is completed and after the receipts are furnished showing that all labor and material is paid for."

The bond provides:

"Now, therefore, if the said E. W. Luscombe shall well, truly and faithfully perform and carry out all the obligations upon him resting by the terms of this contract and pay to the Blessed Sacrament Church all sums due or that may become due by the terms of said contract, as well as any violation thereof by said E. W. Luscombe, including the payment of all liquidated damages in said contract, and if he shall save and hold harmless the Blessed Sacrament Church from any and all damage, loss and expense occasioned by any failure whatsoever of E. W. Luscombe to fully comply with and carry out each and every requirement on his part, by said contract, then this obligation shall be void."

It will be noted that the bond provides that the contract shall

be a part of it; hence they should be construed together. Under the contract defendant Luscombe agrees "to furnish all labor and materials necessary for the plastering of a church now under construction." When taken with the other terms in the contract and bond, it seems idle to contend that this did not mean furnish and pay for. To thus hold would render meaningless the provision in the contract providing the contractor should be paid according to the amount of work finished on the fifteenth of each month and the balance when the work was completed and "after receipts are furnished showing that all labor and material is paid for." The church must have intended that the contractor should furnish and pay for all labor and materials or they would not have had that provision in the contract, and the contractor must have intended to pay for all the labor and material or he would not have signed the contract with that provision in it.

This clause in the contract is a great deal like the one that was construed by this court in *Manufacturing Co. v. Deposit Co.*, 100 Kan. 28, 163 Pac. 1076. In that case the corresponding provision in the contract was that final payment would not be made until all claims that might become a lien against the property had been adjusted to the satisfaction of the architect and owner and receipts furnished therefor by the contractor. The bonding company in that case contended that the clause was a mere condition precedent to the right of the contractor to demand final payment. The court held, however, that the labor and materialmen were sufficiently designated as a class for whose benefit the condition requiring the contractor to pay for labor and material was inserted in the contract and that, therefore, they might maintain that action on the bond.

The appellees in this case urge that the fact that the contract, which was in question in that case, referred to "all claims that might become a lien against the property" makes that contract much stronger than the contract in the case at bar from the viewpoint of materialmen seeking to hold the bonding company liable. We are not impressed with this argument, however. The contract in the case at bar uses the language "after receipts are furnished showing that all labor and material is paid for." The labor and material that are furnished for the building of the church are the only things that could create a lien on the part of the contractor, and any labor and material that are furnished do create a lien. Hence we think that while the language in the manufacturing company case is a little

more definite than that in the case under consideration, still the same intention is contained in each document.

The surety company in the case at bar attempts to draw a distinction between the contract and bond in the case of *Manufacturing Co. v. Deposit Co.*, supra, and points out that the contract in that case contained the following clause:

> "*Payments.*—It is understood that the contractor pay all persons who perform labor, and furnish materials, in full after each estimate, and upon final settlement he shall furnish satisfactory evidence that all persons who have performed labor or furnished materials under this specification have been fully paid and in case such evidence is not furnished, the owner shall have the right to retain such moneys due the contractor until all liabilities are fully discharged by paying them such money." (p. 31.)

While the bond in the case at bar contained no such provision, as a matter of fact, the contract in the case under consideration did contain language of the same general purport in Article VII, which appears earlier in this opinion. The opinion in the manufacturing company case does say that where there was a simple obligation requiring the contractor to furnish both labor and material and to indemnify the owner without any covenant in the bond to pay for either materials or labor the bond was held insufficient to give the lienholder a right of action against the surety and cites *Montgomery v. Rief*, 15 Utah 495, but since in this case we have reached the conclusion that the contract and bond taken together do bind the contractor to pay for material and labor the case is not in point.

This court followed the rule laid down in the case of *Manufacturing Co. v. Deposit Co.*, supra, when it held in the case of *Road Supply Metal Company v. Casualty and Surety Company*, 121 Kan. 299, 246 Pac. 503, that the surety company was liable to the materialman for material furnished a contractor to be used in the construction of a road. In that case the court said, "We construe the provision relating to the payment of indebtedness incurred for labor or material furnished in the construction of the road as intended for the benefit of laborers and materialmen. As so construed it inures to their benefit and the present action is maintainable by the plaintiff as one of the beneficiaries."

After an examination of the authorities of this and other states we conclude that the contract and bond in the case at bar provided that the contractor should furnish and pay for all labor and materials used in plastering the church; that the bond provided for the faithful

performance of the contract; that the plaintiffs furnished the material used by the defendant Luscombe in carrying out the contract; and that he has not paid therefor.

All those things appearing in the petition of plaintiff, it follows that the demurrers were properly overruled, and the judgment is affirmed.