### No. 31,949

FRANK GAUDREAU, *Appellee*, v. (FRED U. T. SMITH, GEORGE L. ALLISON, Receiver, et al., *Appellees*) F. L. JEHLE, doing business as the NORTHWESTERN GAS COMPANY, *Appellant*.

(40 P. 2d 365)

Opinion filed January 26, 1935.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris,* all of Wichita, and *J. E. Curran,* of Blackwell, Okla., for the appellant.

*Edwin Anderson* and *Archie T. MacDonald,* both of McPherson, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This action involves the claim for a mechanic's lien upon an oil and gas leasehold estate. It appears the real property was owned by Alvin F. Tinsley and that the defendant, Fred U. T. Smith, was the owner of the oil and gas lease thereon, and that he had a well drilled on the property. The project became involved

financially and a number of mechanic's lien statements were filed with the clerk of the district court. The plaintiff brought this action to have the claims adjudicated and the leasehold estate and property thereon subjected to their payments. A receiver was appointed to take charge of, preserve and dispose of the property under the order of the court. Appellant, F. L. Jehle, by permission of the court, intervened, claiming a mechanic's lien by virtue of the fact that he had furnished gas for the drilling of the well in the amount set forth, and alleged that he previously and in due time had filed his mechanic's lien statement in the office of the clerk of the district court. Other lien claimants contested his right to a lien upon the ground that gas furnished for the drilling of the well was not a lienable item under the statute. That question was tried out, and the court found in favor of the claimant Jehle. The other lien claimants filed a motion for a new trial, and upon the hearing of that motion brought out the fact that in the mechanic's lien statement and in the intervening petition filed by Jehle the leasehold estate was described as covering the northwest quarter of the *southeast* quarter of a described section of land, when in fact it covered the northwest quarter of the *southwest* quarter of that section. This matter had not been called to the attention of the court prior to the hearing on the motion for a new trial and apparently the discrepancy in the description had not been noticed by any of the parties to the action. Other lien claimants contend that the lien statement was void because of this inaccurate description. The time long since has passed for the filing of a lien statement. Jehle asked permission of the court to amend his lien statement and his intervening petition so as to describe correctly the land covered by the leasehold. That request was denied and judgment was rendered denying Jehle's claim. He has appealed from this ruling and judgment.

Mechanics' liens are statutory, and he who claims such a lien has the burden of bringing himself within the purview of the statutes. (*Bell v. Hernandez,* 139 Kan. 216, 218, 30 P. 2d 1101, and authorities there cited.) They are enforced, however, by an action in the district court (R. S. 60-1405, 60-1409), and in their enforcement courts apply equitable as well as legal principles, when the circumstances justify or require that to be done. (*Bell v. Hernandez,* supra, p. 223, and cases there cited.) With respect to the amendments of lien statements our statute (R. S. 60-1405) specifically provides:

". . . any lien statement may be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to the amount claimed."

Our courts have applied this statute and permitted amendments to be made to lien statements in a number of cases. (*Atkinson v. Woodmansee,* 68 Kan. 71, 74 Pac. 640; *Lumber Co. v. Collinson,* 97 Kan. 791, 156 Pac. 724; *Brown v. Walker,* 100 Kan. 542, 164 Pac. 1092; 101 Kan. 293, 166 Pac. 873; *Lumber Co. v. Blanch,* 107 Kan. 459, 192 Pac. 742; *Supply Co. v. Oil Co.,* 110 Kan. 468, 204 Pac. 692; *Badger Lumber & Coal Co. v. Schmidt,* 122 Kan. 48, 50, 251 Pac. 196; *Cooke v. Luscombe,* 132 Kan. 147, 294 Pac. 849.)

The effect of inaccurate description has been treated in some cases. (*Seaton v. Hixon,* 35 Kan. 663, 12 Pac. 22; *Golden Belt Lbr. Co. v. McLean,* 138 Kan. 351, 26 P. 2d 274.) The tendency of the courts is to allow amendments where parties have not been misled and the rights of third parties have not intervened (40 C. J. 220).

Counsel for appellees cite decisions from other jurisdictions in which it has been held that a misdescription of the real property in the lien statement was fatal. With equal propriety it might be pointed out: "The lien has been held not to be defeated by a mistake in the number of the block or section in which the property is located." (40 C. J. 224, and cases cited.) The fact that the right to mechanics' liens and method of their enforcement are statutory and the statutes of the various states are not uniform and the court of each state construes its own statutes, render citations from other jurisdictions of but little value. We have statutes pertaining to these matters, and with respect to every point covered by the statutes we will do best to look to our own statutes and decisions rather than those of any other state. The point should not be overlooked that the lien sought to be enforced in this case is not a lien upon real property. It is authorized by R. S. 55-207 (as amended, see same number, 1933 Supp.) *et seq.,* and is a lien only upon the leasehold and property used in connection with the lease. The description of the real property in the lien statement is therefore unimportant except as it aids in pointing out the leasehold. Other parts of the lien statement made it clear what leasehold was intended, and no one in this action was misled or deceived by it. In fact, the statute providing for filing this kind of a lien (R. S. 55-209) does not require a description of the real property where no lien is sought upon it.

The real question before us is whether the court erred in refusing to permit the amendment requested, as it was authorized to do in furtherance of justice by the statute (R. S. 60-1405). Since the statement filed misled no one, and the rights of no third parties intervened, the amendment should have been permitted.

Counsel for appellees point out that claims had been allowed in this case, exclusive of appellant's, in the amount of about $6,200; that the property in the hands of the receiver was sold under order of the court and brought a little more than $5,600. From this it is argued that claims allowed would have to be prorated; and that it would be inequitable to allow appellant's claim because it would reduce the amount to be received by other claimants. This would not justify refusing appellant's claim any more than it would the refusing of any of the claims of the appellees. The trial court was too wise and too just to place its decision upon that ground. It is much more equitable to allow all claims which should be allowed, and if the fund is insufficient to pay all of them, to let each have his *pro rata* share. The trial court was impressed with the view that it had no authority to permit the amendment. In this the court erred, and its judgment therefore is reversed.