No. 36,901

RAYMOND O. DEINLEIN, *Appellee,* v. J. D. PACE, *Appellant.*

(186 P. 2d 231)

LA RUE E. GOODRICH, judge. Opinion filed November 8, 1947.

*A. L. Foster,* of Parsons, argued the cause, and *W. W. Brown,* of Parsons, was with him on the briefs for the appellant.

*Owen S. Samuel,* of Emporia, argued the cause, and *D. H. Forbes,* of Neodesha, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was a common-law action for damages for alleged malpractice. The appeal is from an order overruling defendant's general demurrer to plaintiff's fourth amended petition. While other questions are discussed the only one we need to consider is whether the cause of action attempted to be stated in the fourth amended petition is barred by the statute of limitations (G. S. 1935, 60-306, ¶ 3), which requires such an action to be brought within two years after the cause of action shall have accrued.

Without reciting details of the several petitions it is sufficient to state that on March 4, 1944, plaintiff filed the original petition, which alleged that on March 11, 1942, plaintiff sustained a serious injury to his ankle and to various other parts of his body; that the

defendant, a physician and surgeon engaged in the general practice, was called to treat him; that defendant negligently took an X ray of his ankle, negligently read the X ray, and negligently treated plaintiff for about ninety days, as a result of which plaintiff has been permanently crippled. Defendant's motion to make the petition definite and certain in a number of particulars was sustained in part, and on June 10, 1944, plaintiff filed his first amended petition. Defendant moved to strike this from the files because it did not comply with the court's order, and also filed a motion to make it definite and certain. When these motions were argued plaintiff asked and was given leave to file a second amended petition. This was filed November 27, 1944. Defendant attacked this with a motion to strike and a motion to make definite and certain, which was sustained in part, and on May 11, 1945, plaintiff filed his third amended petition. To this the defendant filed a demurrer upon the ground, among others, that it did not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant. This demurrer was presented to the court upon argument and briefs, and on October 25, 1945, the court rendered judgment,

"That defendant's demurrer to the third amended petition of the plaintiff be and the same is hereby sustained.

"That plaintiff be and he is hereby given twenty days in which to file an amended petition to comply with the former orders of this court or elect to stand on said third amended petition."

No appeal was taken from this judgment and no amended petition was filed within twenty days, nor was a request made for the extension of time for the filing of the amended petition.

Nearly six months thereafter, and on April 1, 1946, plaintiff filed his fourth amended petition. To this the defendant filed a demurrer upon the ground that it does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against defendant, and upon the ground that it is not framed upon any definite theory, and stating details as to the second ground. This demurrer was presented to the court upon oral arguments and briefs, which the court considered, and on February 8, 1947, made an order overruling the demurrer.

Counsel for appellant argue in effect that when the court sustained the demurrer to the third amended petition and fixed a time within which plaintiff might file an amended petition or elect to stand on the third amended petition, and plaintiff did not file an

amended petition within the time fixed by the court, or even ask for an extension of the time, and did not appeal from the judgment of the court, the judgment of the court sustaining the demurrer became final. The point is well taken. When the court sustains a demurrer it has authority to permit the adverse party to amend "as the court or judge in its discretion shall direct." (G. S. 1935, 60-.761.) Appellee does not contend the court did not have authority to make the order it did with reference to the time an amended petition should be filed, nor does he contend that the court abused its discretion in so limiting the time. There are reasonable limitations on the number of amendments which may be allowed to a pleading. (See *Sheldon v. Board of Education*, 134 Kan. 135, 143, 4 P. 2d 430.) The result is that when the plaintiff filed the fourth amended petition, almost six months later, it was tantamount to the bringing of the action upon the date that petition was filed. That was approximately six years after the alleged cause of action accrued. Counsel for appellee call our attention to *Armstrong v. Lough*, 128 Kan. 167, 277. Pac. 51; *Dodd v. Boles*, 137 Kan. 600, 21 P. 2d 364, and other cases, to the effect that an amended petition which no more than enlarges or particularizes the facts of the original petition relates back to the time of the filing of the original petition. Appellee is not in position to ask the court to consider that point for the reason that he did not file his fourth amended petition within the time granted him by the court. He ignored the court's order respecting amendments and thereby elected to stand upon the third amended petition, from which he did not appeal.

We conclude that the filing of the fourth amended petition at the time and under the circumstances above stated was tantamount to the bringing of a new action at the time it was filed. The fourth amended petition alleged the date the cause of action arose, hence the petition shows on its face that it was filed more than two years thereafter. The demurrer to the petition should have been sustained. Since the time for filing the action has long since expired the judgment of the trial court will be reversed with directions to sustain defendant's demurrer to the fourth amended petition and to render judgment for defendant. It is so ordered.