No. 38,803

L. W. THOMASSON, *Appellee*, v. FORREST C. KIRKPATRICK, and PEARL A. KIRKPATRICK, husband and wife; RAY N. BRINKMAN, *Appellants*,

WILLIAM S. BUSH and LYMAN L. SMITH, a copartnership, d/b/a Acme Construction Company; WALTER SENGPIEHL, d/b/a Sengpiehl Furniture Company; WILLIS SCHAAL, d/b/a Western Glass Company; O. H. WOODS, d/b/a O. E. Woods Lumber Company; HUGH J. MORGAN, d/b/a Overhead Door Sales and Service; GLENN H. MILKS, d/b/a Milks Cabinet Shop; FRED WHITE and VERLYN D. WHITE, partners, d/b/a White Electric Co.; F. A. REYNOLDS; HAROLD R. FORTNEY, d/b/a Fortney Tile and Flooring Co.; CHARLES SCALETTY, d/b/a Scaletty Hardware Co.; HOME LUMBER AND SUPPLY CO.; PAUL McCONNELL, d/b/a McConnell Lumber Co., *Appellees.*

(254 P. 2d 329)

Opinion filed March 7, 1953.

*A. L. Foster*, of Parsons, and *Robert N. Partridge*, of Wichita, argued the cause, and *George Siefkin, George B. Powers, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter*, and *Robert C. Foulston*, all of Wichita, were with them on the briefs for the appellants.

*Glen Jones*, of Parsons, argued the cause and was on the briefs for Walter Sengpiehl, d/b/a Sengpiehl Furniture Company; Glenn H. Milks, d/b/a Milks Cabinet Shop; Fred White and Verlyn D. White, partners, d/b/a White Electric Company; Harold R. Fortney, d/b/a Fortney Tile and Flooring

Company; Charles Scaletty, d/b/a Scaletty Hardware Company; Paul McConnell, d/b/a McConnell Lumber Company; Home Lumber and Supply Company, Inc., Appellees.

*Elmer W. Columbia, John B. Markham* and *Herman W. Smith,* all of Parsons, were on the briefs for Willis Schaal d/b/a Western Glass Company; and F. A. Reynolds, d/b/a Reynolds Rug Cleaners, Appellees.

*Oren Gray,* of Parsons, argued the cause and was on the briefs for O. H. Woods, d/b/a O. E. Woods Lumber Company, Appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to foreclose a mechanic's lien on Lot 7, Block 3, Eastborough Addition to the city of Parsons, in Labette county, and for judgment against Ray N. Brinkman, William S. Bush and Lyman L. Smith, partners doing business as the Acme Construction Company. On November 3, 1950, F. C. Kirkpatrick and his wife, owners of the real property above described, executed a contract with the Acme Construction Company for the construction of a residence upon the property for the sum of $20,000 in accordance with certain plans and specifications, and the construction company gave a bond to furnish all the material and labor and to complete the building. Details of those instruments are not important here. The owners of the property and the contractors were made parties defendant, as were also a number of individuals, firms, or corporations which had filed mechanics' liens against the property. All of the lien claimants intervened and sought foreclosure of their liens. In some instances the language in these mechanics' liens did not conform fully with the pertinent statute. When the attention of the court was called to that fact each of the lien claimants so situated asked and obtained leave of court to amend their mechanic lien statements. Such leave was granted and the amendments were made. Thereafter the Kirkpatricks and Ray N. Brinkman, the contractor, filed answers raising many questions. These were put in issue by appropriate pleadings. A trial was had by the court and judgment was rendered for each of the lien claimants against the contractors aggregating a little more than $16,000, and a lien was allowed for each of them and the real property was ordered to be sold to satisfy the liens. The owners of the real property and the contractors have filed separate appeals, but they have joined in one abstract and one brief for the appellants. The sole question raised by the property owners that is relevant to this appeal is a denial of the legal sufficiency of

the lien filed by the intervenors. Brinkman, who appeared at the trial for the contractors, specifically states in the abstract that he is not contesting the amount found due the several lien claimants as a valid judgment against him personally. Neither is he contesting the issue that he was a partner in the Acme Construction Company, but that he is contesting the validity and legal sufficiency of the liens as being valid and subsisting liens against the real estate. Appellants specifically tell us that they are not contesting the lien claim of the plaintiff, L. W. Thomasson. Also, that they are not contesting the lien claims of three of the defendants, who need not be specifically identified.

Appellants present their argument in this court under four subheads. They contend:

"A lien statement filed by a sub-contractor that does not specifically designate the contractor and aver his contractual relationship with the owner of the property is fatally defective";

And as a correlative to that:

"A lien statement that is fatally defective can not be amended more than sixty days after work was last performed or materials last furnished under a sub-contract."

The pertinent sections of our statute (G. S. 1949) may be summarized or quoted as follows: Section 60-1401 provides that any person who shall under a contract with the owner, or someone representing him of any tract of land perform labor or furnish material for the erection of a building on the real property shall have a lien thereon for the value of such labor and material; and section 60-1402 provides for the filing of a lien statement by the contractor for the amount he claims with the clerk of the district court. In this case all the liens claimed were for labor or material furnished the contractor.

Section. 60-1403 pertains to those claims of lien claimants as follows:

"Any person who shall furnish any such material, or perform such labor, . . . under a subcontract with the contractor, . . . may obtain a lien upon such land . . . for the amount due him for such material and labor, . . . by filing with the clerk of the district court, . . . within sixty days after the date upon which material was last furnished or labor last performed, . . . a statement verified by affidavits setting forth the amount due from the contractor to the claimant, and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant and a description of the property upon which a lien is claimed; and by serving a notice in writing of the filing of such a lien upon the owner of the land:
. . . "

In this case it is conceded that each of the lien claimants filed with the clerk of the district court a lien statement and that a copy of each of those was served upon Forrest C. Kirkpatrick and his wife, the owners of the land.

Section 60-1405 reads:

"Any lien provided for by this act may be enforced by civil action in the district court of the county in which the land is situated, and such action shall be brought within one year from the time of the filing of said lien with the clerk of said court: . . . The practice, pleading and proceedings in such action shall conform to the rules prescribed by the code of civil procedure as far as the same may be applicable; *and in case of action brought, any lien statement may be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to the amount claimed.*" (Our italics.)

Appellants contend that the lien statements filed by the respective claimants (other than the plaintiff Thomasson and three others) do not conform to the statute and are therefore fatally defective, and that the court was not authorized to permit their amendment.

The alleged fatality in the lien statement filed by the respective claimants can be best illustrated by setting out the lien statement filed by the Home Lumber and Supply Co. It reads:

"LIEN ON PROPERTY FOR LABOR AND MATERIAL FURNISHED "State of Kansas, Labette County, SS.

"James T. Sias, being duly sworn, deposes and says, that the within account it true, just and correct, and that there is due from Acme Construction Co. the sum of One thousand seven hundred forty and 73/100 Dollars ($1,740.73), for work, labor and material furnished by him on property as follows: Lot 7 Block 3 Eastborough Add. to City of Parsons, owned by said Forrest C. Kirkpatrick and Pearl A. Kirkpatrick, husband and wife, and that said labor and material were furnished within 46 days next preceding the filing of this claim, and this deponent claims a lien on said property for said debt.

"Home Lumber and Supply Co. /s/
By James T. Sias"

This was duly subscribed and sworn to and had attached thereto statements of the Home Lumber and Supply Co. in 19 pages, containing items of material and also items for drayage totaling $85.90.

Appellants' specific complaint of the above lien statement is that it does not allege a contractual relation between the contractor and the owner of the property. In the statement, with what shall be included in it as enumerated in 60-1403, *supra,* we note that it does name the Acme Construction Company, which in fact was the contractor. It names the claimant, the amount due from the contractor to the claimant, and the items thereof, the name of the owner of the property and the description thereof. Among other cases appellants

cite *Powers v. Lumber Co.,* 75 Kan. 687, 90 Pac. 254. That case does not deal with the sufficiency of the subcontractor's lien statement and we note that it is said in the opinion (p. 688): "There is no privity of contract between the subcontractor and the owner." Perhaps that is why the statute (60-1403, *supra*) requires a subcontractor to serve a notice in writing by the filing of his lien upon the owner.

In the Powers case the petition to foreclose the mechanic's lien did not allege that a written notice of the filing of the lien had been served upon the owner ·of the land. More than a year after the filing of the mechanic's lien plaintiff, by leave of court, amended the petition to allege the giving of such notice. It was held this was error. This is in harmony with many decisions of our court holding that a petition which does not state a cause of action cannot be amended after the statute of limitations has run and have the amendments relate back to the time of the filing of the original petition.

*Cunningham v. Patterson,* 89 Kan. 684, 132 Pac. 198;

*Beneke v. Bankers Mortgage Co.,* 119 Kan. 105, 237 Pac. 932;

*Waddell v. Woods,* 160 Kan. 481, 163 P. 2d 348;

*Deinlein v. Pace,* 163 Kan. 752, 186 P. 2d 231.

Here the amended intervening petition of the Home Lumber and Supply Co. was filed within the year after the lien statement was filed. In fact, it was filed before the answers of the defendants, Forrest C. Kirkpatrick and his wife and Ray N. Brinkman, for the Acme Construction Company, were filed and within the time it was authorized to file an amendment to its petition. (See, G. S. 1949, 60-756). The Powers case is not important here.

In *Lumber Co. v. Washington,* 80 Kan. 613, 103 Pac. 80, plaintiff sought to foreclose a subcontractor's mechanic's lien against the property of Mrs. J. H. Washington. The question was whether the lien statement was sufficient to support the lien. The statement (set out at p. 615) stated that J. H. Washington was the owner of certain described real estate; "that . . . J. H. Washington and Moore & Robison did purchase of the said Chicago Lumber & Coal Company certain building material." The petition alleged that Mrs. J. H. Washington entered into a contract with Moore, Robison & Co. to construct the building, which firm bought from plaintiff the material for which the lien was claimed. The trial court sustained a demurrer to the petition and this court affirmed.

There was no question in the case about amending the lien statement or the petition. We find the case cited but two times in our reports—in *Pond v. Harrison,* 96 Kan. 542, 543, 152 Pac. 655, arguendo; and in *Badger Lumber & Coal Co. v. Schmidt,* 122 Kan. 48, 251 Pac. 196, where the first two paragraphs of the syllabus read:

"A lien statement filed by a subcontractor to subject the property of an owner to liability for materials furnished to the principal contractor and used by the latter to improve the owner's property is fatally defective if it fails to state the name of the contractor as the statute prescribes—following *Lumber Co. v. Washington,* 80 Kan. 613, 103 Pac. 80.

"Where a lien statement is properly amendable, the granting of permission to amend is ordinarily within the sound discretion of the trial court; and where a motion to amend was not filed until some fourteen months after the filing of the lien statement nor until after the action to foreclose the lien was begun, tried, and decided, the overruling of such belated motion does not disclose abuse of the trial court's discretion."

In that case the lien statement (set out at p. 49) obviously was not very complete. The court held it fatally defective, and properly so, unless there was more to it than was set out in the opinion. The real contest in that case was the right of the plaintiff to amend the lien statement, but plaintiff did not apply for the amendment until fourteen months after the lien statement was filed and six months after the pleadings had been made up, nor until after a referee appointed to hear the evidence had done so. In the opinion it was said (pp. 50 and 51):

"Granting that if timely application had been made the amendment should have been allowed, there certainly was no abuse of discretion in denying a motion to amend a lien statement fourteen months after it was filed and more than six months after the issues had been joined in an action to foreclose the lien."

Upon that point the question there was whether the court had abused its discretion in denying the application to amend the lien statement. Upon the ruling of the court to permit the amendments to the lien statements in this case the real question is whether the court abused its discretion in allowing the amendments before issues were made up. The real test of whether such amendments should be made is whether doing so is "in furtherance of justice." Here there is no serious contention that the amendments allowed were not in furtherance of justice. Here the owner of the real property was given written notice of the filing of the respective claims. There is no contention now that the amounts found due the respective claimants are incorrect, and there is no contention

that the amended lien statements filed with the court's permission did not fully comply with all of the contentions of the appellants as to what the lien statements should contain.

Amendments of lien statements have been permitted by the trial courts and sustained by this court in the following cases:

In *Atkinson v. Woodmansee,* 68 Kan. 71, 74 Pac. 640, that portion of our statute (now 60-1405) which authorizes lien statements to be amended in the furtherance of justice was held to be constitutional, and an amendment correcting the name of the owner of the real property and the description of the property was sustained.

In *Lumber Co. v. Collinson,* 97 Kan. 791, 156 Pac. 724, more than a year after the filing of the lien an amendment to the lien statement correcting the name of the owner was allowed. This court approved.

In *Brown v. Walker,* 100 Kan. 542, 101 Kan. 293, 164 Pac. 1092, there were a number of irregularities in the lien statement which the trial court permitted the claimants to amend, and this court approved.

In *Lumber Co. v. Blanch,* 107 Kan. 459, 192 Pac. 742, this court approved an order of the trial court permitting an amendment to the lien statement to correctly describe the property and the name of the owner.

In *Supply Co. v. Oil Co.,* 110 Kan. 468, 204 Pac. 692, a lien statement stated that the claimants claimed a lien in accordance with the laws of Oklahoma. The trial court permitted this to be amended to show that the claimants claimed a lien in accordance with the laws of Kansas.

In *Cooke v. Luscombe,* 132 Kan. 147, 294 Pac. 849, this court approved the action of the trial court in permitting an amendment to change the name of the owner of the property.

In *Gaudreau v. Smith,* 141 Kan. 123, 40 P. 2d 365, this court reversed the decision of the trial court which refused the claimant to amend his lien statement so as to correctly describe the property on which he claimed a lien. And in *Leidigh & Havens Lumber Co. v. Wyatt,* 153 Kan. 214, 109 P. 2d 87, it was held:

"Lien statements are amendable, in furtherance of justice, in any manner except as to the amount claimed."

We think it was not error for the trial court to permit the amendment to such lien statements of claimants in this action.

We concluded the lien statements complained of here were not so defective that they could not be amended in furtherance of

justice, and further conclude that the court did not err in permitting the amendments to be made.

Counsel for appellants present for our consideration the statement that separate contracts for individual items purchased cannot be tacked together so as to extend the period for filing mechanic's liens on the earlier purchases. In discussing this proposition they fairly present our decisions to the effect that where the contract is for specific material and is separate and distinct from other later sales they may not be so tacked together, but if material is sold by a dealer on an open account for use in constructing a building it would be an agreement or reasonable anticipation that other orders would be made later, The entire account might be considered as one and a lien statement filed within sixty days after the last item sold or labor performed would be in time. In this case the trial court was not asked to make separate findings of fact, and did not do so. There is nothing in the record except the general judgment for the respective claimants in stated amounts. As previously noted, the contractors do not object to the amount of the judgment allowed in favor of any of the claimants. Insofar as counsel for appellants argue this point they do no more than call our attention to certain of the evidence before the court and ask us to weigh it and reach a different conclusion than the trial court did. This was the function of the trial court; we shall not assume it. We think there was sufficient evidence to sustain the respective judgments of the trial court in favor of the claimants; indeed, it is not seriously contended otherwise.

Two of the lumber companies had items of drayage in their accounts. Appellants contend that drayage is not a lienable item. Whether it is depends upon the facts. In this case the evidence discloses that the lumber companies priced their lumber at the yard; that many of the purchasers—perhaps most of them—took it away from the yard themselves. In this case the contractors bought the material delivered at the site of the building they were constructing. The lumber companies paid for having it so delivered, and in determining the price delivered they added the drayage to the price at the yard. We think that was proper. It was satisfactory to the contractors at the time, and is now in view of their statement that they are not contesting the amounts of the judgments in favor of the lumber companies.

We find no error in the record. The judgment of the trial court is affirmed.