ALBERT BOTTOMLY, Respondent, v. THE RECTOR, WARDENS, and VESTRY of GRACE CHURCH, Appellants.

In a suit by a material-man to enforce a lien against a building for lumber sold to the contractor, &c., it must be averred and proved that the lumber was expressly furnished for the building in question: and it is not sufficient to show that it was used in such building.

The mechanics' lien law is in derogation of the common law, and must be construed strictly.

APPEAL from the District Court of the Fourth Judicial District.

Bottomly filed his complaint against the appellants and one Murdock, stating that Murdock was indebted to the plaintiff $660, with interest, from May 2d, 1851, for materials and lumber furnished Murdock in March, 1851; that said lumber was used by Murdock in the erection of a building called Grace Church, situated, &c.; that the money remained unpaid, &c.; that Murdock was the contractor, employed by the other defendants to erect the building; that on the 2d of May, 1851, the plaintiff filed and perfected a lien on said building, according to the act providing for the lien of mechanics and others, and on the same day served on "the Rector, Wardens, and Vestry of Grace Church, they being the owners thereof," a notice, particularly setting forth the amount of said claim, and the service rendered, for which said Murdock was indebted to the plaintiff, and that he would hold said owners responsible for the same; that Murdock indorsed on said notice that the said claim was correct: and that the appellants, at the time of giving said notice, were indebted to the "plaintiff," (Murdock?) in said sum; and praying

judgment against the defendants for the amount claimed, and for the enforcement of the lien against the building.

Murdock made no defence.  The appellants filed a demurrer, on the ground that the facts stated in the complaint disclosed no cause of action against them, &c.  The demurrer was overruled; and the appellants failing to answer, the Court heard the plaintiff's proof, and rendered judgment against the defendants for the amount claimed, and made an order for the sale of the building, &c.  The Rector, &c., appealed.

*F. J. Lippitt,* for the appellants.  The statute makes the owner liable only for the amount in which he is indebted to the contractor at the time the notice is served.  Stats. 1850, p. 212. No such indebtedness being averred, the complaint shows no cause of action against the appellants.

*Hawes, Wood* and *Cook,* for the respondent.

Justice HEYDENFELDT delivered the opinion of the Court. This is an action by a material-man, under the mechanics' lien law.  The object of the plaintiff is to obtain a money judgment against one of the defendants, to whom he sold the lumber, and to have a decree against the other defendants who own the building, for the enforcement of his lien.

The statute certainly never contemplated that a lumber merchant should have the right of following the materials which he had sold to another, in general terms, and obtaining a lien upon any building to which the materials had been applied.  The language of the act is sufficiently explicit, and must be strictly construed, because it gives rights in derogation of the common law. The materials must not only have been used in the construction of the building, but they must have been, by the express terms of the contract, furnished for the particular building on which the lien is claimed: and to entitle a material man to enforce such lien at law, these terms of the contract must be alleged and proved.

The declaration in this case avers that the lumber was used in the building, &c.  This is not only an insufficient allegation, but, standing by itself, it excludes the conclusion which would be necessary to entitle the plaintiff to recover against the owners of the building.  It shows upon its face no right whatever in the

plaintiff, as against the Rector, Wardens, and Vestry of Grace Church; and therefore cannot sustain the judgment against them.

The judgment against the Rector, &c., is reversed; and the cause remanded.