GEORGE C. HILL *et al.* v. J. C. BOWERS *et al.*

MECHANICS' LIEN—*Fencing Material.* To entitle a person to a lien upon land for material furnished for fencing, it must appear not only that such material was purchased to be used for that purpose, but it must also appear that the same was in fact so used as to become a part of the realty.

*Error from Washington District Court.*

THE opinion states the case.

*Chas. Smith,* and *Joseph G. Lowe,* for plaintiffs in error.

*E. Hutchinson,* for defendants in error.

Opinion by GREEN, C.: This action was commenced in the district court of Washington county, by J. C. Bowers & Sons, to foreclose a lien upon certain real estate for iron fencing, gates and posts furnished by them to E. C. Knowles, one of the defendants in the court below, who held the land upon which the lien was claimed under a bond for a deed from J. B. Besack. E. C. Knowles assigned his interest in the property to Edwin Knowles, and the same was afterward assigned by him to the plaintiffs in error, who received a deed from J. B. Besack and wife, having complied with the terms of the original contract to convey. Service was made upon E. C. Knowles by publication. The other defendants answered that the material had never been used in the erection, alteration or repairs of the fences upon the premises purchased by them; that the material for which plaintiffs claimed a lien had never been placed on said premises, or used thereon in any manner. At the November term, 1887, judgment was rendered by the court below against the defendant, E. C. Knowles, for the amount due for the material, and the same was declared a lien upon the premises of the plaintiffs in error, who bring the case here. It was proven upon the trial that the material furnished was never used to build a fence on the land upon which a lien was claimed. It was piled upon the public highway in

front of the premises, where it remained some time, and was afterward taken by the sheriff of Washington county on an execution issued against E. C. Knowles, and sold. In the sale of the property by Knowles to the plaintiffs in error, the fencing was expressly exempted upon the ground that it had never been accepted by the purchaser.

We think the court below erred in sustaining this lien. The material was never attached to and made a part of the land. The language of the statute is the same with reference to buildings as fences: "Any . . . person who shall, under contract, . . . furnish material for erecting . . . any building." "Any . . . person who shall, under contract, . . . furnish material for erecting . . . any fence." (Laws of 1872, ch. 141, § 1.)

This court has held that to sustain a lien for material, it must appear, not only that the materials were purchased to be used in the building, but also that they were in fact so used. (*Rice v. Hodge*, 26 Kas. 164.)

"At common law, the mechanic had a lien on personal property benefited by his labor, but this lien, being a mere possessory right, could not apply to real estate which is incapable of manual possession. The statutory remedy simply extends the same right to real estate by giving the mechanic a charge thereon in the nature of a mortgage-lien. As the law pertains only to the realty, it follows that to come within the intent of the statute, the structure should be so affixed to the soil as to become a part of the realty." (Kneeland, Mech. Liens, 87; *Bottomly v. Grace Church*, 2 Cal. 90; *Houghton v. Blake*, 5 id. 240; *Rogers v. Currier*, 13 Gray, 129; *Chapin v. Paper Co.*, 30 Conn. 461.)

In the latter case, the court expressly held that no lien was created upon the building for which materials are expressly furnished if they do not in fact go into the building. The fencing never having been placed upon the land, we are of the opinion that no lien attached.

We recommend a reversal of the judgment.

By the Court: It is so ordered.

All the Justices concurring.