# H. McGarry v. C. W. Averill.

1. MECHANIC'S LIEN — *Enforcement* — *Evidence.* In an action by a sub-contractor for building material sold by him to a contractor, to be used in the construction of a building upon the land of another, and to foreclose a mechanic's lien, the landowner proposed to prove that the building material for which suit was brought had not been used in the construction of the building, but the offer was refused. *Held,* That the refusal was error. (*Hill v. Bowers,* 45 Kas. 592.)

2. ———— *Immaterial Error.* An immaterial error in the admission of testimony does not justify a reversal of the judgment.

*Error from Ford District Court.*

ACTION by *Averill* against *McGarry* to foreclose a mechanic's lien. Judgment for the plaintiff, sustaining the lien, at the September term, 1889. The defendant comes to this court. The opinion states the facts.

*H. McGarry,* plaintiff in error, for himself:

The court erred in permitting the plaintiff below to testify that the account which he had filed for a mechanic's lien was correct. The most liberal courts not only require that the books of original entry be produced to prove the account sued on, but that the party offering the books must show that other parties settling by the same have found them correct; and also that the books are free from suspicious circumstances. See 2 Rice, Ev., pp. 823, 827; 1 Greenl. Ev., § 117, *et seq.* See, also, *Cresswell v. Slack,* 68 Iowa, 110; *Caldwell v. Mc-Dermott,* 17 Cal. 466.

The court below erred in not allowing the plaintiff in error to show, by competent testimony, that a large amount of material, for which suit is brought, was not used in the construction of the building for which it was furnished. See *Rice v. Hodge,* 26 Kas. 164; *Hill v. Bowers,* 45 id. 592; *Sylvester v. Quartz Mine Co.,* 22 Pac. Rep. 217; *Powder Works v. Gold Mines,* 22 id. 391; *Harmon v. S. F. & S. Rld. Co.,* 22 id. 407.

*Ed. H. Madison*, for defendant in error:

If plaintiff could prove without the account books that he actually sold and delivered the goods sued for, he was not compelled to produce the books. *Wolf v. Batchelder*, 56 Pa. St. 87. This case is not in point with *Hill v. Bowers*, 45 Kas. 592. In that case no part of the material was used. In this case the house was completed and $1,200 has been paid by the owner, and a small balance only remains due. See, also, *Weaver v. Sells*, 10 Kas. 619; *Becker v. Pettigrew*, 6 Ohio St. 247; *Presbyterian Church v. Allison*, 10 Pa. St. 413; *Neilson v. Iowa Eastern Rld. Co.*, 51 Iowa, 184; *Wallace v. Mechoir*, 2 Browne, 104; *Greenway v. Turner*, 4 Md. 295; *Watts v. Whittington*, 48 id. 353.

The opinion of the court was delivered by

JOHNSTON, J.: C. W. Averill brought this action to recover a balance due for building material furnished to R. P. Adams for the construction of a building for H. McGarry, and also to foreclose a mechanic's lien which he had filed against the building. He obtained a judgment against Adams for $158.05, and a decree foreclosing the mechanic's lien. McGarry contended that there was not as much due as was claimed by Averill, and, further, that the material claimed to have been furnished was not actually used in the construction of the building.

Only two errors are assigned. McGarry complains that the court permitted Averill to testify that the account which he had filed for a mechanic's lien was correct, and insists that the books in which the accounts were kept should have been produced. There appears to be little cause for complaint. Averill was examined, and stated, without objection, that he furnished the lumber for which suit was brought, and that the prices charged in the account were the ordinary and reasonable charges. If he actually sold the lumber, and was able to state the amount and the price of the same, there was no occasion for the use of the books. It appears, however,

that a few of the sales had been made by a salesman in his employment, and that he had to rely upon the books to some extent. It would have been a more orderly and correct practice to have produced the books in establishing his account. The books, however, were brought into court and used by the plaintiff in error in his cross-examination, and they corresponded exactly with the proof which had been made. Although not formally introduced in evidence, they were in the hands of the adverse party, and sufficiently before the court to enable it to reach a correct conclusion. It does not appear that the plaintiff in error was prejudiced by the method of proof, or that there was any substantial error in this ruling of the court.

The second complaint is more serious. McGarry offered to prove that a portion of the lumber which had been delivered on the lot where the building was erected, and for which suit was brought, was taken away, and not used in the construction of the building. This offer was refused by the court. From other testimony, it appears that some of the lumber delivered was not satisfactory, and was taken away and replaced with other and suitable material. It is possible that if the question had been allowed it would have been shown that, if any lumber delivered there was taken away, that other lumber was substituted for it. Plaintiff in error, however, should have been permitted to produce the proof which he offered. It is not enough that the material was sold to the contractor with the design that it should be used in the construction of the building, but it must in fact be used in the building before a lien will attach or the owner can be charged for the material furnished. It was held in *Hill v. Bowers*, 45 Kas. 592, that —

"To entitle a person to a lien upon land for material furnished for fencing, it must appear, not only that such material was purchased to be used for that purpose, but it must also appear that the same was in fact so used as to become a part of the realty."

It is argued that if the material man must show that every

article purchased is placed in the building, the law will afford little protection to him. As will appear from *Rice v. Hodge*, 26 Kas. 184, strict proof in this respect is seldom required. In ordinary cases it is enough to show that the materials were sold to be used in the building, and delivered to the builder, and there is some testimony showing that material of that character was actually used. In the absence of any proof or circumstance tending to show that material so furnished was moved or taken away, or that an unnecessary amount was used in the construction of the building, it will be presumed that that furnished was actually used. Here, however, there was a direct offer to prove that the material furnished was not used, and the exclusion of this testimony requires a new trial. For this purpose the judgment will be reversed, and the cause remanded to the district court.

All the Justices concurring.