No. 26,212.

THE MARION MACHINE, FOUNDRY AND SUPPLY COMPANY, *Appellants,* v. H. R. ALLEN, G. J. SMITH and S. J. POLHAMUS, *Appellees.*

SYLLABUS BY THE COURT.

1. MECHANICS' LIENS—*Oil and Gas Leases—Application of Statute.* The provision in the statute relating to the creation and enforcement of liens for labor and material upon oil and gas leaseholds, which provides that notice shall be given in the same manner as is provided in the statute for enforcing mechanics' and others' liens against real estate, makes the latter a part of the former statute, and a notice is as essential in one as in the other.

2. SAME—*Right to Lien—Nature of Claim.* The tools and equipment used in the sinking of an oil and gas well which form no part of the well or completed work is neither labor nor material within the meaning of the lien statute.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed December 5, 1925. Affirmed.

*T. C. Forbes,* of Eureka, and *F. S. Jackson,* of Topeka, for the appellants.

*S. F. Wicker* and *Gordon A. Badger,* both of Eureka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Was the plaintiff entitled to enforce a materialman's lien on an oil and gas leasehold for merchandise furnished by the plaintiff to one who drilled a well on the leasehold? is the question involved in this case.

G. J. Smith and S. J. Polhamus were the owners of the oil and gas leasehold. They entered into a contract with defendant, H. R.

---

1. Mines and Minerals, 27 Cyc. p. 775; Statutes, 36 Cyc. p. 1152. 2. Mechanics' Liens, 27 Cyc. p. 46.

Allen, on December, 1922, to drill a well upon it. In order to carry on the work of drilling Allen purchased from the plaintiff, the Marion Machine Foundry and Supply Company, certain material and supplies which constituted a part of the tools used in drilling, of the value of $811.23. Material was delivered to and used in the leasehold and the bills for the material and the merchandise so purchased and used in connection with the drilling were not paid by Allen or other defendants, and Smith and Polhamus settled with and paid him the full amount named in the contract for drilling without providing for the payment of plaintiff's claim. The plaintiff filed its claim for a lien on March 10, 1923, and it is conceded to be in due form and legal except that Smith and Polhamus were not served with notice of the filing. In this action to foreclose the lien the defendants, who were owners of the leasehold, alleged that prior to the purchase of the materials they notified the plaintiff that no material was to be furnished on their lease unless upon written order signed by one of them, and that none of the materials were furnished or used with their knowledge or consent. The court found that Allen was an independent contractor and not the agent or servant of the defendants, Smith and Polhamus, in the drilling of the well; that all of the materials sold to Allen were delivered to the lease and used thereon. There was a specific finding that no notice of the filing of the lien was served upon the defendants, Smith and Polhamus, and that they did not know of the filing of the lien until after the commencement of this action. It was expressly found, too, that the materials furnished by plaintiff were used in equipping a string of tools owned by Allen and used by him in the drilling of the well, and that after the completion of the well the merchandise so purchased by Allen, excepting such as was worn out in the drilling of the well, was moved from the leasehold and never became or formed a part of the permanent equipment of the lease.

It was found as a conclusion of law that the plaintiff was a subcontractor, and as such was required to serve upon Smith and Polhamus the notice of the filing of the lien, that such notice could have been served with the exercise of reasonable diligence, and because of the failure of the plaintiff to serve the notice it is not entitled to a lien as against the leasehold estate, and is entitled to no judgment against Smith and Polhamus, but a judgment was awarded against Allen for the amount sued for in the action and giving plain-

tiff a lien upon the string of tools used by Allen in the drilling of the well. Judgment was accordingly entered.

In its appeal plaintiff first argues that Allen was not an independent contractor, but the evidence in the record clearly shows that to be his status. The principal objection made to the ruling of the court is that notice to the owners of the leasehold was essential to the validity of a claim for a lien. It is contended that the statutory provisions for obtaining liens on oil and gas properties (R. S. 55-207 to 55-209) are complete in themselves and that as no specific requirement is made as to notice in these sections, none is necessary. The contract was made and the steps towards acquiring a lien were made and taken before the revision of 1923 became effective. The statute then in force relating to the creation and enforcement of liens on oil and gas properties provided that notice of the lien should be given in the same manner as is required in obtaining ordinary mechanic's liens. (Gen. Stat. 1915, § 4998.) However, there is no substantial difference in the provision mentioned relating to notice and that provided in R. S. 55-210. The result of this reference is to incorporate the provisions of the general mechanic's lien law respecting the enforcement of liens on oil and gas properties, including the giving of notice, into the statute relating to oil and gas liens. That provision makes notice as essential to create and enforce a lien on an oil and gas leasehold as in establishing an ordinary mechanic's lien on real estate. (*Supply Co. v. Oil Co.,* 110 Kan. 468, 204 Pac. 692; *Ball v. Oil & Gas Co.,* 113 Kan. 763, 216 Pac. 422.) It follows that if the tools and equipment furnished to the contractor could be regarded as lienable the lack of notice necessarily defeats the claim of lien as against the contesting defendants.

There is another ground for refusing to sustain the lien claimed by plaintiff even if notice had been given. The trial court found that the tools and equipment used by Allen in the drilling of the well on the leasehold estate, never became or formed a part of the permanent equipment of the lease and that after the completion of the well the tools and equipment, excepting those worn out in the drilling, were moved from the leasehold. Upon a question whether machinery and tools which were used in the construction of a highway were lienable, it was recently decided that they did not constitute either labor or material within the meaning of our statute pertaining to mechanic's liens. (*Road Supply & Metal Co.*

*v. Bechtelheimer,* ante p. 560.)   Upon neither consideration was the plaintiff entitled to a lien, and therefore the judgment must be affirmed.