No. 28,854.

J. F. WILLIAMS et al., *Appellants*, v. THE OTSTOT OIL COMPANY et al., *Appellees*.

(282 Pac. 710.)

Opinion filed December 7, 1929.

*Ezra Branine, Alden E. Branine,* both of Newton, and *Edwin Anderson,* of McPherson, for the appellants.

*A. L. Squire,* of Blackwell, Okla., for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to foreclose mechanics' liens on an oil and gas mining leasehold. The question presented is whether the liens attach to casing furnished by the owner of the lease and used in the well while it was being drilled, which casing had been borrowed or rented by the lessee who had let the contract for the drilling of a well. The trial court held that the liens did not attach to such casing. The lien claimants have appealed.

The pertinent facts may be thus stated: The Otstot Oil Company, of Blackwell, Okla., had oil and gas mining leases on a large acreage in a block in McPherson county. It executed a contract with J. F. Williams by which Williams, for a named consideration, agreed to drill a well on one of the leased tracts to a depth of 3,500 feet, if necessary, to find oil and gas, the Otstot Oil Company to

furnish all materials, including casing necessary to be used in drilling the well. In order to get, without buying it, the casing necessary to be used in drilling the well the Otstot Oil Company made an agreement with the Blackwell Oil and Gas Company of Blackwell, Okla., by which it borrowed or leased from the Blackwell Oil and Gas Company certain casing which that company owned. The terms of the agreement are not necessary to be considered here, except that by it the title to the casing was expressly reserved in the Blackwell Oil and Gas Company, unless the Otstot Oil Company should exercise the privilege given to it in the agreement of buying the casing, which it did not do.

That portion of our statute applicable to the question before us reads as follows:

"Any person, `. . . who shall under contract . . . with the owner of any leasehold for oil and gas purposes, . . . who shall perform labor, or furnish material, . . . used in the . . . drilling . . . of any oil or gas well, . . . shall have a lien upon the whole of such leasehold or oil pipe-line or gas pipe-line, or lease for oil and gas purposes, the building and appurtenances, and upon the material and supplies so furnished, and upon said oil and gas well for which they were furnished, and upon all the other oil wells, fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished and labor performed. Such lien shall be preferred to all other liens or incumbrances which may attach to or upon said leasehold for gas and oil purposes and upon any oil pipe-line, or gas pipe-line, or such oil and gas wells and the material and machinery so furnished and the leasehold for oil and gas purposes and the fixtures and appliances thereon subsequent to the commencement of or the furnishing or putting up of any such machinery or supplies." (R. S. 55-207.)

In support of the judgment of the court below it is argued by appellee that under this statute a lien attaches only the things owned by the owner of the lease. That is not the language of the statute, and it has been otherwise construed in *Skinner v. Oil Co.*, 112 Kan. 742, 212 Pac. 684, decided in February, 1923, where it was held that the lien described in the statute "will attach to the casing and drilling rig furnished by the owner of the lease and used in drilling a well." In that case the Anthony Casing Syndicate owned a five-eighths interest in an oil and gas lease, and entered into a contract with the Quadrangle Oil Company by which that company acquired a four-eighths interest in the lease. The Quadrangle Oil Company entered into a contract with the plaintiffs by which the company agreed to furnish the materials for drilling the well and

the plaintiffs agreed to perform the labor. The Anthony Casing Syndicate owned the drilling rig and casing in question which, under a contract with the Quadrangle Oil Company, it permitted the oil company to use in drilling the well, but specifically retained title in the property. It contended that its property, the title of which it retained, could not be subjected to the lien. It was said:

"This contention is not good for the reason that the statute gives a lien on all the property." (p. 745.)

Although our legislature was in session at the time the opinion in that case was handed down, and has had three regular sessions since that time, the statute with respect to what the lien attaches has not been modified, indicating that our legislators are satisfied with the interpretation of the statute given to it in that opinion. The statute (R. S. 55-207) was amended in 1925 (Laws 1925, ch. 197), but the amendment extended the circumstances under which liens might be claimed. It did not restrict the items to which the liens attach. In *Bittenbender v. Fisher*, 121 Kan. 458, 247 Pac. 849, a lien statement was so worded as to claim a lien on materials, etc., then on the lease. It was held that the lien did not attach to casing afterwards loaned and used on the lease, but in the opinion it was said:

"If it had been in use when the lien statement was filed it would have been subject thereto under the liberal provisions of the statute extending such liens to equipment of various sorts." (p. 460.)

Under the statute it is essential, of course, that there be a contract with the owner of the oil and gas lease, or some share or interest therein. (*Hollingsworth v. White*, 289 Fed. 401.) But it is not necessary that the owner of the lease own the material and equipment to which the lien attaches. If he furnished that material it is sufficient.

Appellee cites several cases from Oklahoma construing the statute of that state and in which it is held that the lien does not attach to material not owned by the owner of the lease. We have not examined these cases carefully. We assume they correctly interpret the statutes of that state. But they are not controlling here. We are bound by our own statute as previously interpreted by this court. The result is that the judgment of the court below must be reversed.

There remains to be considered a point presented by the appellee on a cross appeal. When Williams thought he was not going to get his money due him under his contract with the Otstot Oil Company he first filed an action against the Otstot Oil Company for the sum

claimed to be due and caused an attachment to be issued and levied upon the property of the Otstot Oil Company. Later he filed his mechanic's lien statement and brought this action to foreclose the lien, and other lien claimants intervened, seeking to establish their liens. The point presented by the appellee in this cross appeal is that Williams, by filing the action in attachment, chose his remedy, and it is argued that he could not abandon that action and proceed with his action to foreclose the mechanic's lien. The point is not well taken. To demonstrate that the attachment proceeding was not an election of inconsistent remedies we need only to point out that the attachment could reach only the actual interests of the Otstot Oil Company in the property levied upon. It could not reach this particular casing because the title to it was reserved in the Blackwell Oil and Gas Company. The attachment was not a remedy at all for plaintiff as to this particular casing, and hence could not be an inconsistent remedy.

The judgment of the court below is reversed with directions to enter judgment giving the lien claimants a lien upon the casing in question.