No. 30,729.

W. S. Fees, *Appellee,* v. (W. R. Ritchey et al., *Appellees*) I. Katz, *Appellant* and *Cross-appellee.*

(14 P. 2d 652.)

Opinion filed October 8, 1932.

*Homer V. Gooing,* of Eureka, for the appellant and cross-appellee.
*F. J. Oyler* and *G. R. Gard,* both of Iola, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action to recover on a contract to drill an oil and gas well and to foreclose a lien on an oil and gas mining leasehold and equipment. Judgment was for plaintiff. One of the defendants appeals.

The facts are as follows: W. R. Ritchey, operating in his own name and as Ritchey Petroleum Company, owned a block of oil and gas leases in Coffey county, Kansas. He contracted with W. S. Fees to drill a well on his leases. The contract provided that he was to be paid in money for drilling this well. Ritchey was to furnish the pipe and casing necessary to drill the well. Ritchey rented the casing furnished from I. Katz. He paid as rental for this pipe a three-thirty-seconds interest in the leases and in the well. It was agreed that in case the well should turn out to be a commercial producer and Ritchey should desire he would have the right to purchase the pipe at an agreed price. Ritchey also sold various other parties different interests in the leases and the well. Fees drilled the well. Katz furnished the pipe. The well turned out to be a dry hole. This action was brought by Fees against Ritchey, the Ritchey Petroleum Company and the parties to whom Ritchey had conveyed an interest in the leasehold and well, to recover his contract price for drilling the well and to enforce and foreclose a lien against the leasehold and equipment, including the pipe rented from Katz. I. Katz filed an answer and cross petition, in which he alleged facts about as they have been detailed here. He asked for personal judgment against Ritchey for the value of the pipe furnished and that he have a lien on the leasehold and equipment, including the pipe. Trial was to the court. There was no material dispute about the facts. Judgment was entered giving Fees personal judgment against Ritchey and the Ritchey Petroleum Company allowing and foreclosing his lien, and denying him judgment against the parties to whom Ritchey had conveyed a share of the leasehold and well. The judgment further provided that Katz should recover against Ritchey and the Ritchey Petroleum Company, but that his claim for a lien should be denied.

Katz appeals from this judgment. It is admitted that Fees was entitled to a lien on the pipe in question, but Katz insists that he also was entitled to a lien coördinate with that of Fees.

The statute under which the liens are claimed is R. S. 1931 Supp. 55-207, and is as follows:

"*Any person,* . . . *who shall under contract,* . . . *with the owner of any leasehold for oil and gas purposes,* . . . *who shall perform labor or furnish material* . . . *used in the* . . . *drilling* . . . *of any oil or gas well,* or who shall furnish any oil-well supplies or perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, operating, completing or repairing of any gas well, shall have a lien upon the whole of such leasehold, or oil pipe line or gas pipe line, or lease for oil and gas purposes, the building and appurtenances, and upon the material and supplies so furnished, and upon said oil and gas wells for which they were furnished, and upon all the other oil wells, fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished and labor performed: *Provided,* The performing of such labor or furnishing such material, machinery and oil- or gas-well supplies, unless a period of more than four months elapses between the dates of performing such labor or furnishing such material, machinery or oil- or gas-well supplies, whether such labor or such material, machinery or oil- or gas-well supplies shall be upon the same or different wells, shall constitute and be a performing of such labor or the furnishing of such material, machinery or oil- or gas-well supplies as a single transaction or contract, whether done under a single contract or a series of contracts; and it shall only be necessary for the claimant to file one lien statement of the work done and material furnished covering the transactions as a whole. Such lien shall be preferred to all other liens, or encumbrances which may attach to or upon such leasehold for gas and oil purposes and upon any oil pipe line, or gas pipe line, or such oil and gas wells and the material and machinery so furnished and the leasehold for oil and gas purposes and the fixtures and appliances thereon subsequent to the commencement of or the furnishing or putting up of any such machinery or supplies."

Appellant urges that he furnished the pipe in question and that he is entitled to a lien under the above statute. It is true that he did furnish the pipe, but he was paid for it by the conveyance to him of a three-thirty-seconds interest in the leasehold and well. The judgment which Katz obtained against Ritchey was for the value of the pipe that was not returned to Katz. It was not for the use of the pipe on the lease. The use of the pipe had ceased as far as Katz and Ritchey were concerned before the action was brought. When Fees came to the lease to drill the well he had a right to look to the leasehold and to the pipe that was furnished by Ritchey as a guaranty that he would be paid for his work. This is true under the statute heretofore quoted and *Williams v. Otstot Oil Co.,* 129 Kan. 210, 282 Pac. 710.

The judgment of the district court is affirmed.