No. 34,912

LESTER WILKINSON, *Appellant*, v. PACIFIC MID-WEST OIL COMPANY et al., *Defendants;* I. W. MURFIN, *Appellee.*

(107 P. 2d 726)

Opinion filed December 7, 1940.

*C. C. Wilson,* of Meade, and *R. Bowland Ritchie,* of Wichita, for the appellant.

*A. M. Ebright, P. K. Smith, R. A. Hickey,* all of Wichita, and *David J. Wilson,* of Meade, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action to foreclose a mechanic's lien on an oil and gas lease. The district court sustained a demurrer to the petition as to defendant I. W. Murfin. Plaintiff appeals.

The petition alleged that one Jones and the Pacific Mid-West Oil Company, who were made defendants in the suit, were the owners of an oil and gas lease on certain described real estate and engaged in developing the leasehold estate as mining partners; that on June 7, 1938, one Bennett and the Pacific Mid-West Oil Company entered into a contract whereby Bennett agreed to rent certain oil-well casing to the Pacific Mid-West Oil Company to be used by it in drilling a well for oil and gas; that the contract provided that the casing was rented to the Pacific Mid-West Oil Company for a period not to exceed 115 days and that the company would pay Bennett for any casing furnished under the contract, and not returned within 115 days, $4.25 per foot. There were some allegations about an agreement made by the company to furnish Bennett with a bond to guarantee the faithful performance of the contract, but this bond was never furnished. The petition then alleged that the company failed to return or to redeliver any of the casing furnished, as provided in the contract, and that the company then became the purchaser of the casing, and was indebted to Bennett in the amount of $2,757.42. The petition then alleged that after the casing had been furnished to defendant company by Bennett, Murfin, the appellee, furnished certain machinery, material and oil-well supplies, which were used on this leasehold and were worth $2,800; that Bennett, in order to obtain a mechanic's lien, filed a statement with the clerk of the district court against the defendant company; and that Bennett thereby acquired a mechanic's lien on the oil and gas lease, on the casing furnished by Bennett, on all materials and supplies used in drilling, digging and torpedoing the well, and especially on the equipment furnished by Murfin. The petition then alleged that Murfin, after his equipment became subject to the lien of Bennett, went upon the leasehold estate and took possession of the equipment he had furnished and converted it to his own use. The petition alleged also that the interest of Bennett in the mechanic's lien had been duly assigned to plaintiff.

The prayer of the petition was for judgment against the Pacific Mid-West Oil Company, and that plaintiff be given a mechanic's lien upon the oil and gas leasehold, on the property furnished by Bennett and also upon the equipment furnished by Murfin.

Murfin demurred to this petition on the ground that it did not state facts sufficient to constitute a cause of action against him personally, or to establish a lien on the equipment repossessed by him. This demurrer was sustained, and plaintiff has appealed.

The appellant argues the case here as if the only real question was whether or not it was necessary for Bennett to give notice of the filing of the mechanic's lien to the owner of the oil and gas lease. A vigorous argument is made that the statute does not require service of notice upon the owner of the leasehold. The record does not disclose that the decision of the trial court was put upon the ground of lack of proper notice. The demurrer filed by Murfin contains the following statement:

"That the said petition does not show on its face facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, I. W. Murfin; . . . and for the further reason that the petition as amended shows on its face that the said casing owned by the defendant, I. W. Murfin, and alleged to be subject to the mechanic's lien as a matter of law is not subject to said mechanic's lien, whether the lien be otherwise valid or not."

The defendant Murfin argues, among other propositions, that the court sustained Murfin's demurrer because the written instrument, which was executed by Bennett and the Pacific Mid-West Company, was a contract of rental whereby Bennett rented the casing in question to the company.

It is well settled that the rental or the value of the use of machinery cannot be the basis for the claim of a mechanic's lien.

In *Road Supply and Metal Co. v. Bechtelheimer*, 119 Kan. 560, 240 Pac. 846, this court said:

"The rent, or value of the use, of machinery, tools and equipment used in constructing public work, is neither labor nor material within the meaning of our statutes pertaining to mechanic's liens." (Syl. ¶ 2.)

(See, also, *Marion Machine Co. v. Allen*, 119 Kan. 770, 772, 241 Pac. 450; *Given v. Campbell*, 127 Kan. 378, 273 Pac. 442; *Fees v. Ritchey*, 136 Kan. 221, 14 P. 2d 652; *Bridgeport Machine Co. v. McKnab*, 136 Kan. 781, 18 P. 2d 186.)

Appellant attempts to avoid the above rule by arguing that the contract entered into between Bennett and The Pacific Mid-West Oil

Company was not a rental contract but rather was a contract of sale. This brings us to a consideration of the contract.

After reciting some provisions with which we are not interested, the contract contains the following provision:

"That party of the first part hereby leases, lets and rents to the second party, upon the terms and conditions hereinafter set out, the following oil-well casing, to wit: . . ."

It also contains the following clause:

. . "In addition to the above, the second party agrees to pay the first party for all casing left in or lost in the hole, or damaged beyond natural wear and tear, or not returned within the time specified in this contract, at the following prices per foot, to wit: . . ."

It also contains the clause:

"This casing is rented for a period of not to exceed one hundred fifteen (115) days from this date."

The contract contains, also:

"That in case the second party shall fail to keep the bills for labor, materials, supplies and all other bills and obligations that might result in liens against the said casing punctually paid up and discharged, as herein intended, then and in that event all sums agreed to be paid hereunder shall immediately become due and payable, at the option of the first party, and the first party shall have the right to collect by whatever remedies he may choose, including the right to repossess the said casing."

The argument of appellant is that under the terms of this contract after the company had had the casing for 115 days it then became a contract of sale.

Rather than being a contract of sale, we have concluded that the contract is one whereby Bennett rented the casing to the company. The provision upon which plaintiff relies to make this a sales contract after 115 days is a provision for liquidated damages.

The title to this casing did not pass to the Pacific Mid-West Company when the parties entered into the contract. Having reached the above conclusion as to the effect to be given this contract, it is clear that the casing furnished the Pacific Mid-West Company by Bennett could not form the basis for a mechanic's lien, and hence the demurrer of Murfin to the petition of plaintiff was properly sustained.

The judgment of the trial court is affirmed.