P. B. MEYER, REX BIRK, JIM SCALES, GEORGE SCALES, RALPH CHARLES JACOBSEN, et al., *Appellants,* v. JOHN LATTA; JOHN LATTA doing business as Granada Drilling Company and doing business as Granada Drilling and Production Company; THE WALKER-NEER MACHINE COMPANY, a corporation; THE WALKER-NEER MANUFACTURING COMPANY, a Corporation, et al., *Appellees.*

(285 P. 2d 782)

Opinion filed July 6, 1955.

*William A. Buckles,* of Burlington, argued the cause, and *H. T. Horrell,* of Burlington, was with him on the briefs for the appellants.

*Chas. H. Carpenter,* of Yates Center, argued the cause, and was on the brief for appellee, The Walker-Neer Manufacturing Company.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover personal judgments and to enforce liens under the provisions of G. S. 1949, 55-207, against certain oil field equipment belonging to the leasehold owner and used by him in connection with his drilling of two oil wells on the leased property. From a judgment of the trial court holding the subject property not lienable under the mentioned statute, plaintiffs appeal.

Appellee John Latta, hereinafter referred to as defendant, was the owner of certain leases for the purposes of drilling for oil and gas. Defendant also owned a "drilling rig" and equipment for the drilling of oil and gas wells on the leases owned by him. Defendant Walker-Neer Machine Company, a corporation, hereinafter referred to as machine company, held a chattel mortgage on the "drilling rig" owned by defendant Latta. Some of appellants, hereinafter referred to as plaintiffs, were employed by defendant Latta at a specified wage to perform common labor and work as drillers, and tool-dressers in connection with the drilling for oil and gas on the leased premises. Under contract with defendant, others had furnished material used in drilling wells on the leases. No oil was found as a result of defendant's drilling operations, and plaintiffs were not fully paid for their labor performed and material furnished.

Within the time specified by statute, plaintiffs filed their liens against the whole of the leasehold and certain oil field equipment located thereon, including the "drilling rig" owned and used by defendant in drilling two wells on the leases owned by him. Subsequently plaintiffs instituted this action to recover personal judgment

against defendant and to enforce their liens. A receiver was later appointed to take charge of defendant's property located on the leasehold.

The machine company then filed a motion for an order directing the receiver to release the "drilling rig" for the reason it was not subject to lien under the provisions of G. S. 1949, 55-207.

After hearing evidence indicating the "drilling rig" was of a portable nature, the trial court sustained the motion, holding the rig not a proper subject of lien under the statute.

The principal question for determination on this appeal is whether a "drilling rig" owned by the leasehold owner and used by him in the drilling of an oil and gas well located upon the leased property is a proper subject of lien under the provisions of the aforementioned statute.

The holding of the trial court was that the "drilling rig" was not of such character as to constitute a part of the leasehold, a building or appurtenance on the leasehold, oil pipe line or gas pipe line, or material or supplies furnished by claimants. The effect of such a holding by the trial court is that any equipment on an oil leasehold which has the character and nature of personal property, even though the property be owned by the owner of the leasehold, is not subject to lien under the mentioned statute. We do not believe such a strict construction applies to this statute. To properly answer the question, it is necessary to analyze the provisions of the statute. G. S. 1949, 55-207, insofar as pertinent to the issue involved, reads:

"*Any person,* corporation or copartnership who shall under contract, express or implied, with the owner of any leasehold for oil and gas purposes, . . . *who shall perform labor or furnish material,* . . . used in the digging, drilling, torpedoing, completing, operating or repairing of any oil or gas well or who shall . . . perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, operating, completing or repairing of any gas well, *shall have a lien upon the whole of such leasehold,* or oil pipe line or gas pipe line, or lease for oil and gas purposes, the building and appurtenances, . . . and upon all the other oil wells, *fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished and labor performed:* . . ." (Italics supplied.)

Defendant cites the cases of *Marion Machine Co. v. Allen,* 119 Kan. 770, 241 Pac. 450; *Given v. Campbell,* 127 Kan. 378, 273 Pac. 442; and *Bridgeport Machine Co. v. McKnab,* 136 Kan. 781, 18 P. 2d 186, as authority that plaintiffs' lien should not attach to defendant's property in the instant case. These cases are not in point and are

of no assistance in answering our present question. The question presented in the three cited cases by defendant was whether the plaintiffs had in those actions established the *right* to a lien. (*Oil Well Supply Co. v. First Nat. Bank of Winfield, Kan.*, 106 F. 2d 399.)

It is to be kept in mind that in these cases the material and equipment were furnished to an independent contractor, and not to the leasehold owner. Under such circumstances, these cases hold that unless the material and equipment furnished become a part of the well or completed work, the furnishing of such material does not give the plaintiff a right to a lien on the leasehold under the statute. The reasoning behind such a holding is clear. If the material furnished contributes value to the property, and the leasehold owner has benefited as a result of plaintiff's furnishing material, as a matter of equity a lien should attach to the leasehold for such material furnished the independent contract driller. Conversely, there being no privity of contract between plaintiff and the leasehold owner, materials which contribute nothing to the value of the property and where the leasehold owner does not benefit by the furnishing of such material to the independent contract driller, no lien should attach to the leasehold. These cases have no application to our question now under consideration for two reasons:

1. In the cases cited by defendant, materials and supplies were furnished to an *independent contractor*. In our case now under consideration, materials were furnished and labor performed as the result of a contract with the *leasehold owner*.

2. The question of whether plaintiffs have established their right to a lien under the statute is not before this court. The question is not whether plaintiffs have a *right to a lien* by virtue of furnishing material and performing labor, but rather, assuming the right to a lien exists, is the drilling rig a proper subject of lien under the terms of the statute?

We have had occasion before to construe the mentioned lien statute, and the answer to the question presented here may be found in the following cases:

In *Meadows v. Oil Co.*, 108 Kan. 228, 194 Pac. 916, we held that under the statute a lien will attach to a leasehold covered by an oil and gas lease, and to all the property used in connection therewith where the labor is performed for, or the material is furnished to, the owner of the lease or his agent for the development or improvement of the lease.

In *Skinner v. Oil Co.*, 112 Kan. 742, 212 Pac. 684, we held that the lien mentioned in the statute will attach to the casing and drilling

rig furnished by the owner of the lease and used in drilling a well thereon, and the fact that the owner of the lease retains title to the casing and drilling rig used in drilling the well, will not defeat the right to a lien on the casing and rig.

To the same effect is *Woodmansee v. Oil and Gas Co.,* 113 Kan. 637, 216 Pac. 276.

In *Williams v. Otstot Oil Co.,* 129 Kan. 210, 282 Pac. 710, we were confronted with the question whether the mechanic's lien, as provided by the statute, will attach to materials, supplies and casing furnished by the owner of the lease, regardless of whether the owner of the lease owned such material or has borrowed it or rented it. We held the lien attaches to all property on the leasehold, and where the owner of the lease contracts with someone to drill a well thereon and agrees to furnish certain equipment and supplies, including casing, the lien for the drillers, laborers or materialmen attached to the materials, supplies, casing and equipment furnished by the owner of the lease, without regard to whether he owned such material, or whether he had borrowed it or rented it. And, in referring to the case of *Skinner v. Oil Co.,* supra, we said: "Although our legislature was in session at the time the opinion in that case was handed down, and has had three regular sessions since that time, the statute with respect to what the lien attaches has not been modified, indicating that our legislators are satisfied with the interpretation of the statute given to it in that opinion. The statute (R. S. 55-207) was amended in 1925 (Laws, 1925, ch. 197), but the amendment extended the circumstances under which liens might be claimed. It did not restrict the items to which the liens attach." (p. 212.)

In *Fees v. Ritchey,* 136 Kan. 221, 14 P. 2d 652, we held that where the owner of an oil and gas leasehold contracts with a party to drill an oil and gas well and agrees to furnish the pipe necessary and the well turns out to be a dry hole, the party who drilled the well had a lien on the pipe along with other equipment on the leasehold.

Cases are cited from other jurisdictions construing similar statutes in those states, but they are not controlling here. We are bound by our own statute as previously interpreted. That interpretation is to the effect that once a right to a lien exists, a liberal construction applies to the statute and a lien will attach to all property on the leasehold at the time the lien is filed. A portion of the statute reads:

". . . and upon all the other oil wells, fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished and labor performed: . . ."

Under the liberal construction of this statute, we have no hesitancy in holding that the "drilling rig" and the fixtures, appliances and equipment owned and furnished by defendant Latta in the drilling operations on the two leases come within the intended meaning of fixtures and appliances used in the operating for oil and gas purposes on the leasehold and, as such, are subject to a lien for labor performed and material furnished under the terms of the statute, and the trial court erred in holding otherwise.

In view of what has been said, the judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with the views herein expressed, and with instructions to order the appointed receiver to take charge of all property owned and furnished by defendant Latta in the drilling operations on the two leases and located thereon at the time the liens were filed.

It is so ordered.

THIELE, J. (dissenting): I cannot agree with the conclusions stated in the court's opinion.

At the conclusion of the trial below, the trial court made and filed a memorandum opinion in which it reviewed the facts and the law on which it later rendered a judgment, which I think was correct. Insofar as is necessary to note here the trial court said:

"The provisions of Section 55-207 are broader than the provisions of Section 55-208 and wisely so. (But see *Skinner vs. Oil Company*, 112 Kan. l.c. 744.) Under the latter section, if Mr. Latta as owner of the drilling rig was acting in the capacity of a general contractor, the claimants performing labor for him in drilling could reach only the leasehold and under the Supreme Court decision in *Given vs. Campbell*, 127 Kan. 378, they could have no lien under any conceivable theory on the contractor's equipment. The question is not quite so easy under Section 55-207 where the lien claimants' contracts are with the owners of the leases who also own the equipment. In reaching the decision on this motion, the Court has treated the lien claims as being justified if at all, under Section 55-207. But even so, the drilling equipment, even if owned by the owners of the leasehold estate, was not of such character that it could be either (a) a part of the leasehold, (b) a building or appurtenance on the leasehold, (c) oil pipe line or gas pipe line, or (d) the material or supplies furnished by the claimants. Under Section 55-207 the property must fall within one of these four categories to be a 'lienable item'. The statute does not extend the lien to 'appliances' used in the drilling even if they belonged to the lessees.

"It seems clear that in the case of *Skinner vs. Oil Company,* 112 Kan. 742, the rig to which the lien in that case was extended was a derrick erected over the well by the lessees, which like the casing, had the characteristics of being identified with the well itself. That decision is not out of harmony with the decision in the present case.

"An exception to the foregoing so far as the rig is concerned is the lien of a plaintiff for labor on the rig itself. But his lien is under a different statute, is against property different from that to which the liens of other plaintiffs attach; his cause of action cannot be joined with the others and no receiver is necessary for the protection of his rights."

I would affirm the judgment of the district court.

PARKER and PRICE, JJ., concur in the foregoing dissent.