(612 P.2d 1253)

No. 50,898

FENDER PIPE & SUPPLY, INC., *Appellant,* v. DON JENKINS and ED BROYLES, *Appellees.*

Opinion filed June 27, 1980.

*Robert L. Earnest,* of Russell, for appellant.

No appearance by appellee.

Before ABBOTT, P.J., SWINEHART and MEYER, JJ.

ABBOTT, J.: This is an appeal from a judgment denying a lien under K.S.A. 55-207 for 88 lengths of ¾-inch rod that plaintiff stipulated was delivered to the well site but not used.

Plaintiff sold oil field supplies and equipment to Product Service, Inc., for use in a well being drilled on a lease owned by Product Service, Inc. The equipment included 2,219 feet of tubing and the 88 lengths of ¾-inch rod in question. The tubing was used and installed in the well. The rods, however, were never used and were stacked at the well site. The well was not a producer, and on February 4, 1977, Product Service, Inc., sold the rods and tubing to defendants. Defendants removed the rods and tubing from the leasehold. On March 8, 1977, appellant filed a lien for materials furnished to an oil and gas leasehold pursuant to K.S.A. 55-207.

Appellant subsequently discovered that the tubing and rods had been sold and delivered to defendants and brought suit against defendants to recover the value of the supplies, claiming its lien followed the merchandise.

The trial court in a well-reasoned opinion granted judgment for plaintiff and against defendants for the value of the tubing, but denied recovery for the rods on the basis that they had not been used in the operations upon the leasehold. *Plaintiff appeals.* The sole question on appeal is whether pursuant to K.S.A. 55-207 a lien attaches to material sold and delivered to an owner for use on its leasehold, but which material was never actually used al-

though stored on the leasehold for some three months. K.S.A. 55-207 provides in pertinent part:

"Any person . . . who shall perform labor or furnish material, machinery and oil-well supplies *used* in the digging, drilling, torpedoing, completing, operating or repairing of any oil or gas well . . . shall have a lien upon the . . . materials and supplies so furnished . . . ." (Emphasis supplied.)

Plaintiff argues that the statutory lien provided for in K.S.A. 55-207 attaches to all material furnished. A great deal of reliance is placed on *Meyer v. Latta,* 178 Kan. 316, 285 P.2d 782 (1955). As we view *Latta,* it holds that fixtures, appliances and equipment used by the leasehold operator in drilling a well are subject to the statutory lien. The rods in question in this case were not used. We deem this case analogous to *Seyb-Tucker Lumber and Implement Co. v. Hartley,* 197 Kan. 58, 415 P.2d 217 (1966). *Seyb-Tucker* construed the mechanics' lien statute (K.S.A. 60-1101), which provides a lien for "any person furnishing labor, equipment, materials or supplies *used or consumed* for the improvement of real property" (emphasis supplied), with respect to actual use of material furnished, stating:

"[M]aterials must not merely be furnished for, or delivered to the site of, the particular building, but must also actually be used in its construction in order to sustain a mechanic's lien. The simple reason for this is that property should not be burdened with a lien to secure the price of materials which never entered into its construction or improvement." 197 Kan. at 62-63.

See *Badger Lumber & Coal Co. v. Schmidt,* 122 Kan. 48, 251 Pac. 196 (1926); *McGarry v. Averill,* 50 Kan. 362, 31 Pac. 1082 (1893); *Hill v. Bowers,* 45 Kan. 592, 26 Pac. 13 (1891).

The similarities between the two lien statutes have been recognized, and decisions concerning mechanics' liens are controlling insofar as they are applicable. *Adair v. Transcontinental Oil Co.,* 184 Kan. 454, 461, 338 P.2d 79 (1959). In view of the reasoning expressed in the foregoing mechanics' lien cases, it was not enough that the rods were furnished by plaintiff for the oil and gas operation; it must also appear from the record that they were actually used in the operation in a manner described in the statute before a lien will attach.

Plaintiff's argument that a different rule should be applied where material is supplied directly to an owner rather than

through a third party contractor was also raised and rejected in *Seyb-Tucker.* The Court stated:

"A mechanic's lien is a creature of statute which is to be strictly construed [citation omitted]. No such distinction is made in the statute, and our previous cases have made none where the owner has been furnished the material [citation omitted]." 197 Kan. at 64.

Affirmed.