(764 P.2d 851)
No. 62,227

D OIL, INC., a corporation, and ALFRED J. DREILING, *Appellants*, v. ED D. BRUNGARDT; GOLDEN BELT SAVINGS AND LOAN ASSOCIATION, a corporation, *et al.*, *Appellees*.

Opinion filed November 23, 1988.

*Joseph W. Jeter*, of Jeter and Moran, of Hays, for appellants.

*Dennis L. Bieker*, of Dreiling, Bieker & Hoffman, of Hays, for appellees.

Before ELLIOTT, P.J., CARL B. ANDERSON, JR., District Judge, assigned, and WILLIAM D. CLEMENT, District Judge, assigned.

ELLIOTT, J.: Alfred J. Dreiling and D Oil, Inc., (D Oil) appeal the trial court's ruling that Golden Belt Savings and Loan Association's (Golden Belt) properly filed mortgage had priority over D Oil's properly perfected oil and gas lien.

We reverse.

The facts are not in dispute. Dreiling individually and later as D Oil operated an oil and gas lease in Ellis County since 1978, pursuant to an oral agreement with the working interest holders. Ed Brungardt owned a working interest in the lease and in 1983 mortgaged his interest to Golden Belt. At the time the mortgage was properly recorded, Brungardt was current on his payments to D Oil.

In 1986, D Oil filed and perfected its oil and gas lien and brought suit against Brungardt, Golden Belt, and others, alleging it had priority over Golden Belt's mortgage to the extent of the oil and gas mechanic's lien.

Brungardt, who has now declared bankruptcy, admitted in his answer all facts pled in D Oil's petition. Golden Belt asserted its mortgage had priority over D Oil's lien.

The trial court ruled that Golden Belt's mortgage had priority over D Oil's later filed lien on the basis of the "first to file" rule.

D Oil's lien is statutory and K.S.A. 55-207 provides that any entity furnishing labor or material to an oil and gas lease under contract (express or implied) with the owner has a lien on the leasehold. The lien *shall* be preferred to all other encumbrances which may attach to the lease *subsequent to the commencement* of the performance of labor or furnishing of materials. And once a right to a lien is established, as here conceded by Golden Belt, K.S.A. 55-207 is to be given a liberal construction. See *Meyer v. Latta*, 178 Kan. 316, 320, 285 P.2d 782 (1955).

By analogy, *Southwestern Electrical Co. v. Hughes*, 139 Kan. 89, 30 P.2d 114 (1934), is instructive. There, construction of a building was commenced prior to a mortgage being recorded. Materials were furnished under a continuing, connected transaction. 139 Kan. at 93. The owner-contractor certified he had paid for all materials furnished up to the time of the mortgage. 139 Kan. at 91. Nonetheless, the lien claimants prevailed over the subsequent mortgagee, the court stating that the lien claimant would prevail "unless some special reason exists for not according priority to the mechanics' liens." 139 Kan. at 90.

Insofar as they may be applicable, decisions under the general mechanic's lien statutes are controlling with respect to oil and gas lien cases. *DaMac Drilling, Inc. v. Shoemake*, 11 Kan. App. 2d 38, Syl. ¶ 1, 713 P.2d 480 (1986).

Accordingly, we hold that giving priority to D Oil from the commencement of furnishing of labor or materials recognizes the basic philosophy behind the oil and gas lien statute: where one by agreement with an owner enhances the value of the leasehold by furnishing labor or materials, that person should have an interest in the lease to the extent of the value of the labor and materials furnished. See *Bassett, Trustee, v. Carpenter*, 114 Kan. 828, 831, 220 Pac. 1028 (1923).

Conversely, giving priority to Golden Belt would allow it to reap the benefits of the work performed by D Oil to the detriment of the party providing the benefit or enhancement.

Golden Belt argues that the 1977 amendment to the general mechanic's lien statute, K.S.A. 60-1101, indicates an intent to limit the priority of all liens. We disagree.

The simple answer is that K.S.A. 55-207 was not amended;

K.S.A. 55-207 deals specifically with oil and gas liens and thus controls over the more general mechanic's lien statute, K.S.A. 60-1101. *Szoboszlay v. Glessner,* 233 Kan. 475, 479, 664 P.2d 1327 (1983); *Meinhardt v. Kansas Power & Light Co.,* 8 Kan. App. 2d 471, 473, 661 P.2d 820 (1983). Further, the Supreme Court has indicated that K.S.A. 55-207 means exactly what it says: the lien has priority over any encumbrance attaching subsequent to the commencement of or furnishing of labor and materials. See *Moyer v. Hezlep,* 123 Kan. 735, 737, 257 Pac. 229 (1927).

Finally, Golden Belt argues that giving priority to the lien of D Oil would sound the death knell for energy financing as we know it. Since we are merely applying K.S.A. 55-207 as we feel it is clearly written, Golden Belt's relief lies with the legislative branch, not the judicial branch of government.

The judgment is reversed.